45 517
37a 389
45 517
128 402

SOUTHWESTERN FREIGHT AND COTTON EXPRESS COMPANY, Appellant, v. GEORGE P. PLANT et al., Respondents.

1. *Sales—Delivery, constructive and actual—Lien of vendor.*—Where nothing is said at the time of purchase of goods about payment, the law presumes that the sale is for cash; and in such case payment and delivery are immediate and concurrent acts, and the vendor has the indisputable right to refuse to deliver without payment; and although the counting out and separation would amount to a constructive delivery, so as to vest title in the vendee and make the property at his risk, still actual delivery and change of possession could not be coerced until payment is made. There may be a delivery which will pass title, but while possession is retained the lien will not be destroyed. (Southwestern F. & C. P. Co. v. Stanard, 44 Mo. 71, affirmed.)

2. *Sales—Sub-vendee has no greater right than the vendee.*—A sub-vendee, or a third party to whom an order is given for the delivery of goods, has no rights greater than, or superior to, the person from whom he derives title. If the vendor had the possession or the right of detention for the unpaid purchase money, he would still retain that right notwithstanding the assignment or transfer.

*Appeal from St. Louis Circuit Court.*

*Jones & Gardiner*, for appellant.

I. By their acceptance defendants ratified the verbal sale to Lamb & Quinlin, and the transfer by them to plaintiff, and they surrendered their possession to plaintiffs and made themselves their agents. There was, then, a delivery to plaintiff. (Whitehouse v. Frost, 12 East, 614; Stovell v. Hughes, 14 East, 308; Ellmore v. Stone, 1 Taunt. 458; Mervin v. Vallis, 6 Ellis & Block, 726; Gillet v. Hill, 4 Tyrw. 250; Sto. on Sales, 289; Hurry v. Mangles, 1 Campb. 452; Harman v. Anderson, 2 Campb. 243; Stonard v. Dunkin, *id.* 344; Hall v. Griffin, 3 M. & S. 732; Barrett v. Goddard, 3 Mason, 107; Chapman v. Searle, 3 Pick. 38; Scudder v. Worster, 11 Cush. 578; Frazier v. Hilliard, 2 Strob. 309; Kemberly v. Patchin, 19 N. Y. 330.)

II. There was an actual delivery and taking possession. (Calkins v. Sargeant, 17 Conn. 154 ; Jewett v. Warren, 12 Mass. 300 ; Bates v. Conkling, 10 Wend. 389 ; Stovell v. Hughes, *supra ;* Shindler v. Houston, 1 Denio, 51 ; Smythe v. Syms, 5 N. Y. 41 ; Carlton v. Sumner, 4 Pick. 516.) This is a case in which the doctrine of estoppel applies in all its force. (Gosling v. Binney, 5 Moore & Payne, 160 ; 7 Bingham, 339 ; Stonard v. Dunkin, *supra ;* Hall v. Griffin, 3 M. & S. 732.)

*George P. Strong,* for respondents.

I. Plant & Co. having sold this flour to Lamb & Quinlin for cash, or without any agreement for credit, or any other mode of payment, could not be compelled to deliver it until they were paid for it.

II. Even if defendants had counted out the two hundred barrels of flour, and separated it from a larger number, it did not amount to a delivery, because there was no act by either party which was designed by vendor and accepted by vendee as a delivery of the flour. It was still in vendor's possession, subject to his control and at his risk. (Southwestern F. & C. P. Co. v. Stanard, 44 Mo. 71 ; 1 Chit. Pl. 147–8 ; Owenson v. Moore, 7 T. R. 64 ; Ballard v. Burgett, 47 Barb. 646, 650 ; Copland v. Bosquet, 4 Wash. C. Ct. 588 ; Fleeman v. McKean, 25 Barb. 474, 480 ; Palmer v. Hand, 13 Johns. 434 ; Bigelow v. Huntley, 8 Verm. 151.)

WAGNER, Judge, delivered the opinion of the court.

Action to recover damages charging the defendants with the unlawful conversion of two hundred barrels of flour, the property of the plaintiff. The record shows that in September, 1867, Lamb & Quinlin contracted with defendants for the purchase of two hundred barrels of flour, at the price of thirteen dollars and fifty cents per barrel ; that on the 27th of September, 1867, they gave to Merritt, president of the plaintiff, an order on the defendants for one hundred barrels of the flour ; and on the 30th of the same month they gave him an order for the remaining one hundred barrels. On the receipt of these orders, but before

their acceptance, the plaintiff issued bills of lading for the flour for shipment east. On the 1st day of October, 1867, Merritt took these orders, and went to defendants' mills and requested their acceptance; defendants' agent, who was in possession of the mills, wrote across the face of each order "accepted;" and Merritt states that the flour was assorted and counted out, and that the agent requested him to remove it, which he agreed to do. On the evening of the same day, Lamb & Quinlin suspended, and have ever since been insolvent; and on the next morning, one of the defendants called on the plaintiff and informed it that, as the flour had not been paid for, it would not be delivered. On these facts the Circuit Court gave judgment for the defendants.

It is contended by the counsel for the appellant that when the flour was counted and the orders accepted, the delivery was complete, and a right of property immediately vested in the purchaser. As it is not shown that there was anything said when the purchase was made about payment, the law presumes the sale was for cash; and in such a case payment and delivery are immediate and concurrent acts, and the vendor has the indisputable right to refuse to deliver without payment. Admit that the counting out and separation amounted to a constructive delivery, so as to vest title in the vendee and make the property at his risk, still actual delivery and change of possession could not be coerced till payment was made. There may be a delivery which will pass the title, but while possession is retained the lien will not be destroyed. This whole subject was considered and the more important cases collated in the Southwestern F. & C. P. Co. v. Stanard, 44 Mo. 71; and the principle stated in that case need not be here repeated. But it is attempted to distinguish this case from, and take it out of, the operation of the doctrine laid down in Stanard's case, on the ground that the rights of a third party — a sub-purchaser — had intervened. The strongest authority that can be found to sustain this view is Whitehouse v. Frost, 12 East, 614. In that case the contract was as follows: "Mr. J. Townsend bought of J. & L. Frost ten tons of Greenland oil, in Mr. Stainforth's cisterns, at your risk, at £39 — £390." There were then in the cistern forty

tons of oil which had belonged to Dutton & Bancroft, and they sold ten tons of it to Fröst & Co., and these were the ten tons which the latter sold to Townsend, giving Townsend an order on Dutton & Bancroft for "the ten tons of oil we purchased from you, 8th November last." The order was taken to Dutton & Bancroft by the purchaser, and accepted by them in writing on the face of the order. Townsend left the oil in the custody of Dutton & Bancroft, and it was not severed from the bulk in the cisterns. It was held that the property had passed as between Frost and Townsend. But, in their opinions, none of the judges put the case on the reason that the sub-purchaser had any greater rights than the original purchaser himself. They considered that as the oil was not in the possession of the vendors, their order on their bailees, and its acceptance by them, constituted a complete delivery. Lord Ellenborough placed his judgment on the ground that all right in the seller was gone by the acceptance of his delivery order in favor of Townsend — the seller never having had himself the possession, but only the right to demand possession from the bailees, which right he had assigned to Townsend. Grose, J., was of opinion that as the risk was in the buyer, and the delivery complete so far as the vendor was concerned, the property had passed. It was the purchaser's business to act with Dutton & Bancroft in drawing off the ten tons of oil. Le Blanc, J., put it on the ground that the sale was complete between Frost and Townsend, because nothing remained to be done between them. It will be seen that the important matter which arises here in regard to detention for the unpaid purchase money, when the vendor was in possession, was not an element in that case, and hence it does not bear out the appellant's views. Moreover, as to the question of delivery, the case stands alone. It has been explained away, doubted, and denied by the whole current of English adjudication. (See it criticised in Benjamin on Sales, 242.) That a sub-vendee, or a third party to whom an order is given for the delivery of goods, even though the order is accepted, has no rights greater than, or superior to, the person from whom he derives title, is abundantly established. (Miles v. Gorton, 2 C. & M. 504; Tanner v. Scovell, 14 M. & W. 28.)

If the vendor had the possession or the right of detention for the unpaid purchase money, he would still retain that right notwithstanding the assignment or transfer.

Now, in the present case, the right to the possession of the flour did not pass to Lamb & Quinlin till the purchase money was paid. They ordered the sellers to deliver the flour to the plaintiff instead of themselves, and the sellers agreed to so deliver it; but that did not deprive them of the right to retain it till their demands were satisfied. They agreed to deliver to plaintiff, instead of Lamb & Quinlin; but this did not change their contract, nor were their rights thereby either affected or impaired.

Judgment affirmed. Judge Bliss concurs. Judge Currier, having been of counsel, not sitting.