FRAZIER, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 2, 1904.

1. **SALES: Title in Vendor Until Payment.** In the absence of other agreement, express or implied, concerning the time of payment for chattels sold, the sale, is made impliedly for cash, and title does not pass to the vendee until payment or tender of payment is made.

2. ———: ———: **Inference of Payment Not Cash.** But where the testimony of the consignor shows that he relied upon the promise of the agent of the carrier to see that he got his money, if consignee did not pay in a reasonable time, this is evidence from which it may be fairly inferred that the sale was not for cash on delivery.

3. **PLEADING: General Denial: Recoupment: Subrogation.** In an action by the consignee against a carrier, for conversion of a car load of coal, the defendant could not, under a general denial, recoup the price which it paid the consignor for the coal, nor the amount of the freight, nor raise a question of subrogation to the rights of the consignor by reason of having paid for the coal.

4. **CONVERSION: Common Carrier: Honest Mistake.** Although a carrier, in converting to its own use chattels carried, acted under an honest mistake as to their ownership, it is nevertheless liable to the consignee in an action for conversion.

Appeal from Knox Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*Gardiner Lathrop, S. W. Moore* and *L. F. Cottey* for appellant.

(1) The sale of the car load of coal to Frazier was a cash sale. Neither title nor possession, therefore, passed to him until he had made payment or tender of

payment therefor, and he had no right of action for conversion against the defendant.    Hall v. Railroad, 50 App. 179; Stresovich & Co. v. Kesting, 63 Mo. App. 57; State v. Green Tree Co., 32 Mo. App. 281; Freight and Cotton Press Co. v. Stanard, 44 Mo. 71; Freight and Cotton Press Co. v. Plant, 45 Mo. 517; Kerr v. Henderson, 42 Atl. 174; Trust & Savgs. Inst. v. Paper Mills Co., 43 Atl. 423; Railroad Co. v. Erwin, 9 Am. & Eng. Rd. Cas. 252; 1 Benj. on Sales, secs. 318, 337, 345 and 346; Tiedeman on Sales, sec. 93; Parker v. Rodes, 79 Mo. 88; Meyers v. Hale, 17 Mo. App. 204; Johnson, Brinkman Co. v. Bank, 116 Mo. 558.    (2)    Title to the coal having remained in the shippers until paid for by appellant, the issuance of the bill of lading conveyed no title to or right of possession of the coal to respondent, and he has no right of action against appellant.    Halsey v. Warden, 25 Kan. 128; Bank v. Homeyer, 45 Mo. 145; Valley v. Cerre's Administr., 36 Mo. 364 (star pages 586, 587); Scharf v. Meyer, 133 Mo. 428; Bank v. Railroad, 62 Mo. App. 538; Bank v. McGraw, 76 Fed. 937; Copland v. Bosquet, 4 Wash. (C. C.) 588; Paul v. Reed, 52 N. H. 136; Cole v. Berry, 42 N. J. Law 308; Dows v. Bank, 91 U. S. 618; Hutchinson on Carriers, secs. 134, 135.    (3)    The court erred in refusing to give instruction No. 3 as requested by defendant.    See authorities under points 1 and 2.    (4)    The coal was shipped to Frazier with the understanding that the railway company was surety for the payment of the purchase price, and upon payment thereof by the railway company, it became subrogated to all the rights of the vendors and Frazier could not maintain an action against the railway company without payment or tender of payment of the price of the coal.    Brandt on Suretyship and Guaranty, secs. 205, 313; Ross v. Menefee, 25 N. E. 545; Mosely v. Fullerton, 59 Mo. App. 143; Bank v. Reed, 54 Mo. App. 94; Clark v. Bank, 57 Mo. App. 283; Furnold v. Bank, 44 Mo. 336; Bertheld v. Bertheld, 46 Mo. 557; Hackett v. Watts, 138 Mo. 518.

*G. R. Balthrope* for respondent.

(1) The evidence unequivocally discloses the fact that the sale of the coal to plaintiff by Lambeth & Son was a time sale, a credit being extended to plaintiff for payment through the verbal indorsement of Yocom—the payment was not to be made until plaintiff received the cost bill from Joseph Lambeth of the firm of Lambeth & Son. And Yocum being the agent of plaintiff in the purchase of the coal and plaintiff being perfectly solvent the delivery by Lambeth & Son of the coal at Marceline to the defendant a public carrier, by direction of plaintiff's agent (Yocum) vested the complete title of the coal in plaintiff. Lindauer v. Maybery, 27 Mo. App. 181; State v. Wingfield, 115 Mo. 428. (2) And upon the delivery of the coal to defendant plaintiff became under the contract of purchase responsible to Lambeth & Son for the value of same, whether the coal ever reached him or not, and they could on his refusal to pay after receipt of the bill of costs of coal maintained an action against him and recovered the purchase price of the coal. Ozark Lumber Co. v. Chicago Lumber Co., 51 Mo. App. 555; Tufts v. Wynne, 45 Mo. App. 42; Brewington v. Mesker, 51 Mo. App. 348. (3) And this being an absolute sale there could be no lien for purchase price of the coal. Brown & Wright v. Barnard, 116 Mo. 674. (4) But even if Lambeth & Son had a reserved lien on the coal it would not release defendant or excuse it for its tortious acts in, as plaintiff in his testimony calls it, confiscating his coal as soon as it arrived at its place of destination, and that to without giving him even an opportunity to enter his protest, for defendant had no legal or equitable rights as a public carrier or as a surety that under any circumstances would justify it in converting plaintiff's coal to its own use. The coal having been delivered to it at Marceline for shipment over its road to plaintiff at Baring it was bound to ship and de-

liver to him at that place.    Miller v. Railroad, 14 Mo.
App. 281; Prewet v. Railroad, 62 Mo. 527; Faulkner v.
Railroad, 51 Mo. 34; Lander v. Railroad, 50 Mo. 346;
Ranken v. Railroad, 55 Mo. 167; Buddy v. Railroad,
20 Mo. App. 206; Gregory v. Railroad, 46 Mo. App.
574. And defendant had no right to detain the coal
without plaintiff's consent.    Armentrout v. Railroad,
1 Mo. App. 158; Gantling v. Railroad, 60 Mo. 390.    (5)
The facts of the conversion being unintentional con-
stitutes no defense.    Waverly Co. v. Cooperage Co.,
112 Mo. 383; Koch et al. v. Branch et al., 44 Mo. 545;
Mohr v. Longan, 77 Mo. App. 481, 489; Ess v. Griffith,
128 Mo. 62.    (6)    The coal having been delivered to de-
fendant by Lambeth & Son at the direction of plaintiff's
agent, Yocum, for shipment to plaintiff who was to pay
for same on receipt of cost bill, the possession of defend-
ant was simply that of a public carrier who represented
plaintiff and could not conflict with plaintiff's posses-
sion or title and if it were possible to discover any thing
in the evidence that would bind defendant for the pay-
ment of the coal as a surety for the purchase money
when it became due it could not before plaintiff had re-
ceived the cost bill from Lambeth & Son, or had any
opportunity whatever to pay for the coal or the freight
charges and before it had paid Lambeth & Son one cent
legally converted the coal to its own use.    Bank v.
Fisher, 55 Mo. App. 51; Missouri Central Lumber Co.
v. Stewart, 78 Mo. App. 456; Hearne et al. v. Keath et
al., 63 Mo. 85; Huse v. Ames, 104 Mo. 101.    (7)    The
petition states full facts of conversion, more than were
sufficient.    Knepper v. Blumenthal, 107 Mo. 665.    De-
fendant filed no set-off or claim for money paid Land-
reth & Son.

REYBURN, J.—Plaintiff, a saloonkeeper, at Bar-
ing, Missouri, in November, 1901, through Yocum, local
agent of defendant, verbally ordered a carload of coal
to be shipped from Marceline, Missouri, by Lambeth &

Sons. The coal was shipped at Baring and a bill of lading issued, naming Lambeth & Sons as consignors and plaintiff as consignee. The consignee was unknown to the shippers, and prior to the shipment defendant's agent agreed that defendant should become responsible to consignors for the coal, if not paid for by Frazier in a reasonable time. Upon arrival at its place of destination, the coal erroneously was placed upon the defendant's chute, unloaded with its own coal, and subsequently paid for by defendant. The bill of lading was never delivered to nor in possession of plaintiff, but was in possession of the agent of defendant and plaintiff never paid, nor did he tender payment, for the coal to consignors, nor to defendant, though his testimony tended to prove that he was ready and willing to make payment of its purchase price, $2.15 per ton, on delivery or tender of the coal; he further stated in his examination in chief that the coal was worth at the time $2.75 per ton in Baring and which price he was offered for it. The railroad agent assured him he would order immediately another carload of coal and plaintiff seemed to have awaited in vain for compliance with this promise to replace the car but borrowed a ton of coal pending its arrival.

This an action by plaintiff for conversion of the carload of coal, was tried before the court, which found for the plaintiff.

It is a legal principle generally recognized, that when no express provision is made for time of payment, a sale of personalty is presumed by law to be a cash transaction, and the delivery of the property and the payment of the purchase price are concurrent and the buyer is not entitled to demand, nor to receive delivery or possession of the goods, the subject of the contract, without proffer of the purchase price or its actual payment. In the absence of other arrangement, express or implied, concerning the time of payment of the price and providing for future payment, or where the parties

remain entirely silent respecting it, the rule is clearly established, that the sale is made impliedly for cash, and title to the property sold does not pass to the vendee until payment or tender of payment has been made. The payment of the purchase price becomes a condition precedent by legal implication, and except in the event of waiver by the vendor, title does not vest in the buyer until after performance of such condition. Those principles are upheld and asserted by an unbroken line of decisions of the appellate courts of this State, as well as by the treatises of the most eminent writers upon the subject. Tiedeman, Sales, sec. 93; 1 Benjamin, Sales (4 Ed.), 318, 345; Southwestern, etc. Co. v. Plant, 45 Mo. 517; Southwestern, etc. Co. v. Stanard, 44 Mo. 71; Hall et al. v. Railroad, 50 Mo. App. 179; Stresovich v. Kesting, 63 Mo. 57. Logically it would have followed in such event, that plaintiff, having neither the right of property in, nor the right of possession to the coal, was precluded from maintaining trover or conversion therefor; for, unless he had the legal title or the right to the possession of the coal at the time it was alleged to have been converted, he was not entitled to recover. Johnson, etc. v. Bank, 116 Mo. 558; Parker v. Rhodes, 79 Mo. 88; Myers v. Hale, 17 Mo. App. 204. Nor would the issuance of the bill of lading in plaintiff's name as consignee have conveyed to him conclusively title or right of possession to the coal; for a bill of lading is but prima facie evidence of the intent of the vendor to part with the title or interest in the property, for which it is issued, and extraneous evidence is admissible for the purposes of showing the true intent of the parties. Scharff v. Meyer, 133 Mo. loc. cit. 445. But the testimony of Joseph Lambeth established that he relied on the promise of the agent of appellant, that if the consignors did not receive payment from respondent in a reasonable time, to notify him and he would see that they got their money. This evidence, if not decisively negativing the contentions of appellant that the

sale was made for cash, or that the consignors did not intend to have the coal delivered to Frazier until payment had been made, and that the bill of lading, in lieu of delivery to him, was sent to the agent of appellant in furtherance of the purpose that the coal should be withheld from Frazier until after he had made payment, at least, is evidence, from which it may be fairly inferred that the sale was not for cash on delivery, but to be paid for within a reasonable time thereafter; and the finding of the trial court on such issue will not be disturbed.

2. The answer was a general denial, and, therefore, defendant in this action was barred from recouping the price of the coal, which it seems to have paid consignors after this action was begun, and for the same reason no allowance for freight can be made, nor is any question of subrogation of defendant to rights of the consignor ensuing from such payment, before us. The judgment of the court for plaintiff in the sum of $63.25 finds abundant support in the testimony from which it is established beyond dispute, that defendant appropriated to its own use the carload of coal ordered by and belonging to plaintiff. Although this action of defendant may have occurred through an honest mistake of its agents regarding the ownership of the particular carload, yet plaintiff was none the less entitled to redress.

The judgment is for the right party and is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.