# GEORGE FICKLIN, Respondent, v. J. T. TINDER, Appellant.

## Kansas City Court of Appeals, February 5, 1912.

1. **SALES: Statute of Frauds: Sale of Portion: Delivery.** A vendor had two thousand bushels of corn in a crib on his farm. He met a neighbor in the road, in the month of March, and sold him 1500 bushels at 65 cents per bushel, the buyer to measure it by weight when he took it, which was to be not later than July. The buyer was to go by the crib and see if the corn suited him and if it did to leave word at the vendor's house, and he did so. There was no writing or part payment. The vendor had the corn insured in his own name up to the 7th of August. The buyer did not take the corn away, and the vendor told him it was at his risk, but on the expiration of the insurance the buyer had it extended, on the whole crib, in the vendor's name, for thirty days. The corn was destroyed by fire two days after the extended insurance expired. The vendor then sued for the purchase price, and it was held that the sale was invalid under the Statute of Frauds, there having been no delivery, acceptance and receipt.

2. ————: ————: **Cash Sale: Lien: Possession.** Where nothing is said about time of payment in a sale of personal property, it is presumed to be for cash, and delivery cannot be forced until payment is made, and the vendor has a lien for the price, for which he may retain possession, and therefore there is no delivery under the Statute of Frauds.

3. ————: ————: **Part of Bulk: Separation: Acceptance.** Where property is sold as a part of a larger bulk or mass, it must be separated before there can be a completion of a valid sale under the Statute of Frauds; since, without separation there cannot be delivery or acceptance of the specific property sold.

4. ————: ————: ————: **Title: Delivery: Parting with Possession.** There may be a delivery sufficient to pass the title, but there must also be a parting with possession and dominion in order to validate a sale under the Statute of Frauds.

5. ————: ————: ————: **Replevin Distinction.** Questions as to distinction between sufficiency of delivery to pass title and to pass possession, and as to distinction between right to maintain replevin for part of a mass, and to sustain a contract under the Statute of Frauds where there has not been a separation, pointed out and distinguished.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,*
Judge.

REVERSED.

*E. C. Anderson* and *Fry & Rogers* for appellant.

(1)    Upon the uncontradicted evidence in this
case, the trial court should have instructed a verdict
for the defendant, upon the grounds that the contract
of sale was within the Statute of Frauds. R. S. 1909,
sec. 2784; Kerby v. Johnson, 22 Mo. 354; Harvey v.
Butchers, 39 Mo. 212; Delventhal v. Jones, 53 Mo.
460; Lovelace v. Stewart, 23 Mo. 384; Sotham v.
Weber, 116 Mo. App. 104; Eichberg v. Paper Co., 119
Mo. App. 262; Shelton v. Sires, 96 Mo. App. 327.    (2)
Under the evidence of both parties, the sale was for
cash. There being no money paid, the title did not
pass and the loss, occasioned by the fire, falls upon
the plaintiff. Sharp v. Hawkins, 129 Mo. App. 80;
Lovelace v. Stewart, 23 Mo. 34; Frazier v. Railroad,
104 Mo. App. 359.    (3)    The questions of the amount
of corn in the crib at the time of the fire and the amount
of corn which defendant agreed to buy, were for the
jury; and the court committed error in instructing
the jury, if it found for plaintiff (ab. 73) to assess his
recovery at $975. Gannon v. Gas Co., 145 Mo. 515;
Hunter v. Weithington, 205 Mo. 293; Johnson v. Kahn,
97 Mo. App. 630; Cosgrove v. Leonard, 134 Mo. 419.

*Harris & Finley* and *D. C. Carter* for respondent.

(1)    The trial court did not commit error in re-
fusing to instruct a verdict for defendant. The con-
tract of sale was admitted and the question as to
whether or not there was a delivery of the corn was
one for the jury, and the facts relating to this question
were sufficient under the law for a finding by the jury
that there was a delivery. Bass et al. v. Walsh, 39 Mo.

192; Swafford v. Spratt, 93 Mo. App. 635; Ober et al. v. Carson, Exr., 62 Mo. 209; Glasgow v. Nicholson, 25 Mo. 29; Welch v. Spies, 72 N. W. Rep. (Ia.) 548. (2) The point made by appellant that the sale was for cash and there being no money paid the title did not pass has no application to the facts shown by this record. Under proper instructions as to the law delivery and acceptance the jury found that there had been an unconditional delivery, and the law is well settled that such a delivery by the seller amounts to a waiver of payment at the time of delivery. Oester v. Sitlington, 115 Mo. 247; Implement Co. v. Price, 81 Mo. App. 243; Com. Co. v. Com. Co., 165 Mo. 84.

ELLISON, J.—Plaintiff's action is to recover the sum of $975 as the purchase price of 1500 bushels of corn which he alleges he sold to defendant. He obtained judgment in the circuit court.

We will consider the case as made by the plaintiff, though disputed by defendant in some particulars. He says that he and defendant lived a few miles apart and that he had 2000 bushels of corn in a crib on his farm and that he met defendant on the highway, in the month of March, when they fell into conversation and he sold defendant 1500 bushels of the 2000 in the crib, at 65 cents per bushel, defendant to have up to and during the month of July to remove it, and that he was to go by plaintiff's crib and see the corn and leave word at plaintiff's house if it suited him. Defendant then went by plaintiff's premises, looked at the corn in the crib and left word that it was satisfactory. The corn was to be weighed on defendant's scales as he hauled it to his place. The month of July passed without defendant taking the corn away. On one or more occasions after July, plaintiff told him that the corn was his and at his risk. Plaintiff fed stock out of the corn from time to time, but did not reduce the quantity below the number of bushels sold to defend-

ant. Plaintiff had all the corn in the crib insured in his own name up to the 7th day of August, and defendant learning that the insurance was about to expire, had it extended, in plaintiff's name, for thirty days. Two days after the extended insurance expired the corn was burned. No money was paid on the price, nor was there any writing. The question for decision involves the construction of the Statute of Frauds (Sec. 2784, R. S. 1909) which requires in all cases where there is neither writing nor part payment, that "the buyer shall accept part of the goods so sold, and actually receive the same."

In Kirby v. Johnson, 22 Mo. 354, the buyer went to the pasture of the seller where there were four yoke of oxen and bought them, orally, at $40 per yoke. The buyer told the seller to keep them for him until he sent for them and to feed them, for which he would pay him, and the seller agreed to do so. There was no writing and the buyer had not the price with him and the seller said that made no difference, he could pay when he came for them. As the buyer started away the seller called to him, "remember if any of the cattle die, they die yours, and you must bear the loss," and the buyer said "certainly." On the next day the seller, meeting with another party, sold to him at a better price, and thereupon the buyer brought his action for the difference between what he was to pay and what the seller got for them. It was held there was neither delivery nor acceptance and the sale was not valid under the statute.

In Harvey v. St. Louis Butchers, 39 Mo. 212, the buyer went to the seller's farm and examined his cattle and bargained for the whole herd, which was to be driven by the seller to a railway station and delivered into cattle pens. The seller drove them and put them in the cattle pens, but there being no one there to receive them, they were driven to a herding place and

in a few days "taken by hostile forces and lost." It was held there was no delivery.

It is true that some articles of personal property are of such nature that they cannot be delivered by a manual taking hold. A familiar illustration is where the grain in a warehouse is well delivered by a delivery of the key and a surrender of dominion by the seller and acceptance of dominion by the buyer. But this surrender of dominion by one and acceptance by the other is a vital necessity. [Sothan v. Weber, 116 Mo. App. 104; Hinchman v. Lincoln, 124 U. S. 38.] Both the acceptance and surrender of dominion must be unconditional; therefore, if the seller could refuse to let the property be taken unless the purchase price be paid, the Statute of Frauds has not been satisfied, for that claim would show that actual delivery, in point of fact, had not been made. So we may say that an assertion of a vendor's lien for the purchase price is inconsistent with the claim of compliance with the statute. [Kirby v. Johnson, supra, l. c. 361; Harvey v. St. Louis Butchers, supra, l. c. 218; Safford v. McDonough, 120 Mass. 290; Rodgers v. Jones, 129 Mass. 420; Hinchman v. Lincoln, supra.] "The test for determining whether there has been an actual receipt by the purchaser has been to enquire whether the vendor has lost his lien." [Benjamin on Sales, Sec. 187.] "Upon a sale of specific goods for a specific price, by parting with the possession the seller parts with his lien. The statute contemplates such a parting with the possession; and therefore as long as the seller preserves his control over the goods, so to retain his lien, he prevents the vendee from accepting and receiving them as his own, within the meaning of the statute." [Baldey v. Parker, 2 B. & C. 37.]

In this case nothing was said about when the price was to be paid and we must assume that it was for cash. In such instance the seller may refuse to deliver unless the price be first paid. [Southwestern F. & C. Co. v.

Stanard, 44 Mo. 71; Sharp v. Hawkins, 129 Mo. App. 80.] That fact would disclose that the seller retained dominion over the property until the price was paid, and therefore there could be no such delivery and acceptance as will satisfy the statute. [Hinchman v. Lincoln, supra, l. c. 51; Messer v. Woodman, 22 N. H. 172, 182.]

Neither can there be a surrender of dominion by one and acceptance by the other when the property is an unascertained part of a general mass or bulk. So, therefore, until there has been a setting apart or separation of the part sold from the remainder, there cannot be compliance with the requirement of the statute. In Metal Co. v. Daugherty, 204 Mo. 71, 81; Southwestern F. & C. Co. v. Stanard, supra, 83; Ober v. Carson, 62 Mo. 209; Bass v. Walsh, 39 Mo. 192, 200, and Cunningham v. Ashbrook, 20 Mo. 553, our Supreme Court said that when goods are part of a larger mass and have to be separated by counting, weighing or measuring, no title passes (much less, the possession required by the statute) until that is done. And so the rule is stated in other jurisdictions. [Messer v. Woodman, supra, l. c. 182; Gilman v. Hill, 36 N. H. 311; Prescott v. Locke, 51 N. H. 94.] This rule is alone sufficient to defeat the plaintiff; for the corn sold was only a part of a larger bulk in plaintiff's crib, the number of bushels to be ascertained by weighing, and this was never done.

It is true that a sale may be complete when there are yet things to do in connection with it, such as counting, weighing or measuring. But that is where the *whole* bulk is sold, say at a stated price per bushel or pound, the measurement or weight to be ascertained to fix the total sum due,—as, if plaintiff had bargained his entire crib of corn at sixty-five cents per bushel, the number of bushels to be ascertained. So one may buy all of a drove of hogs or a flock of sheep, at so much per head, the number to be after-

wards counted. These would be good contracts under the statute if there was otherwise a sufficient delivery. But a sale of fifty sheep out of a flock composed of a larger number would not be a valid sale without a separation.

We do not see that plaintiff's declaration to defendant that after July the corn was at the latter's risk, and that he thereupon had plaintiff's insurance on the whole bulk extended, can avoid the law as we have stated it.. It was no more a recognition of a purchase than he made when he entered into the original contract. The fact remains that he never took possession of the property nor could he do so until it was separated from that of which it was a part.

Our attention has been called to a class of cases like Kaufmann v. Schilling, 58 Mo. 218, and Hamilton v. Clark, 25 Mo. App. 428, where it is held that replevin may be maintained for the plaintiff's part of a larger mass of grain, if all of the same quality, and that a separation was not necessary. But those are cases where title and right to possession of a part, was in the plaintiff. A party already the owner and entitled to a certain number of bushels of grain in a bin, a part of a greater number, may take it by replevin. But under the Statute of Frauds, he does not become the owner and entitled to take it, until there has been a separation. In the instance of replevin, the plaintiff has become the owner of a part in some lawful way and he may bring replevin. But the very question for decision, under the Statute of Fraud, is, has the buyer become the owner?

In view of a part of plaintiff's insistence in argument, it is well to call attention, as we did in Sotham v. Weber, 116 Mo. App. 104, 110, to the distinction between a delivery which will be sufficient to pass title if the contract otherwise complies with the Statute of Frauds, and a delivery and acceptance which is alone

depended upon to validate the sale. For even though there is a parting with title, there may not be a parting with possession, and the latter act is necessary to a valid sale under the statute. [See, also, Rodgers v. Jones, supra.]

The result of the foregoing views is to reverse the judgment. All concur.