## FRANK RUEDIGER, Respondent, v. ROY DENNIS et al., Appellants.

**Springfield Court of Appeals, March 11, 1918.**

1. **FRAUDS, STATUTE OF:** Delivery and Acceptance: "Accept and Actually Receive." The expression "buyer shall accept . . . and actually receive" in the Statute of Frauds (Rev. St. 1909, sec. 2784), providing that if a vendee of personalty shall accept and actually receive the property no memorandum or cash payment is necessary to bind him for the purchase price, means that there shall be a surrender by the seller of all dominion and control over the thing sold and an acceptance and receipt by the purchaser with intent to absolutely appropriate it as his own; the test being whether the vendor has lost his lien.

2. **SALES:** Transfer of Title. Where property is turned over to vendee, cash on delivery, or where nothing is said about payment, there is no transfer of title until price is paid.

3. **COMPLETED SALE.** There can be a completed sale, even though counting, weighing, or measuring is to be done to determine the amount due.

4. **FRAUDS, STATUTE OF:** Delivery: Acceptance. It is not essential that absolute legal title to goods shall pass in order to render effective under the Statute of Frauds (Rev. St. 1909, sec. 2784) an acceptance and receipt of goods; but such acceptance and receipt will sustain the contract, although absolute legal title is only to pass on the happening of some event, and such may be true even when a seller has the right of stoppage *in transitu*.

5. **SALES:** Delivery: Question for Jury. Where there is evidence *pro* and *con* as to delivery and acceptance of chattels, the question is for the jury. Whether there was delivery and acceptance of a bull which died on the way to the scales to ascertain the price, *held*, under the evidence, for the jury.

Appeal from Wright Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*Garner, Lamar & Lamar* for appellants.

*Curtis & Evans* for respondent.

FARRINGTON, J.—Plaintiff recovered a judgment against the defendants for the value of a bull alleged to have been sold, delivered and accepted by the defendants.

The answer filed was a general denial.

The case was tried to a jury which returned a verdict for plaintiff.

There is but one point made on this appeal: That under all the evidence the plaintiff failed to make a case and that defendants' instruction in the nature of a demurrer to the evidence should have been given.

There is no serious difference over what the law is that is to govern this case. Defendants say there is nothing in the record evidencing an acceptance and actual receipt of the bull by them as purchasers such as will make the transaction conform to the requirements of section 2784, Revised Statutes 1909, and that for the reason the sale was void and no recovery can be had. It is admitted there was no cash payment, nor any written memorandum, and that if a sale was made it must depend upon that part of the statute which requires that the buyer shall accept and actually receive and upon the fact that he did accept and actually receive the bull from the hands of the seller, the plaintiff. The expression in the statute "buyer shall accept and actually receive" undoubtedly means that there must be a surrender by the seller of all dominion and control over the thing sold and an acceptance and receipt by the purchaser with intent to absolutely appropriate it as his own. It must be of such a character as to unequivocally take the property from any control over it by the seller and place it under the absolute and exclusive dominion of the buyer. The test for determining whether there has been an acceptance and actual receipt by the purchaser within the meaning of the Statute of Frauds, the property remaining in the possession of the seller, is whether or not the vendor has lost his lien. [Benjamin on Sales, sec. 187; Sotham v. Weber, 116 Mo. App. 104, 92 S. W. 181; Ficklin v. Tinder, 161 Mo. App. 283, 143 S. W. 853; Kirby v. Johnson, 22 Mo. 354; Hollrah-Dieckmann Refrigerator

& Fixture Co. v. St. Louis House & Window Cleaning Co., 186 Mo. App. 207, 171 S. W. 576.] Undoubtedly, as between vendor and vendeé, the property having been turned over to the vendee, where the express terms of the sale are cash on delivery, or where nothing is said about when the payment will be made, it will be construed to be cash on delivery, and there is no transfer of title until the purchase price is paid. [Ballard v. First Nat. Bank of Bolivar,—Mo. App.—,195 S. W. 559; Strother v. McMullen Lumber Co., 200 Mo. 647; 98 S. W. 34; Sharp v. Hawkins, 129 Mo. App. 80, 107 S. W. 1087; Frazier v. Railway Co., 104 Mo. App. 355, 78 S. W. 679; Howard v. Haas, 131 Mo. App. 499, 109 S. W. 1076; and Ficklin v. Tinder, supra.]

There can be a sale complete even though the counting, weighing or measuring of the thing bought is to be done, and there can be a sufficient acceptance and actual receipt of the article purchased by the buyer though there remains the ascertainment of the weight or measurement of the thing sold for the purpose of determining the amount which is to be paid. [Bass v. Walsh, 39 Mo. 192, 20 Cyc. 247; Ficklin v. Tinder, supra, l. c. 288.] As said in 1 Meachem on Sales, sec. 394: "It is not essential that the absolute legal title to the goods shall pass to the purchaser at the time of the making of the contract of sale, in order to render effective, under the statute, an acceptance and receipt then occurring, but such acceptance and receipt will sustain the contract, although the absolute legal title is not to pass to the purchaser until the happening of some event or the performance of some condition subsequent." There can be a sufficient acceptance and actual receipt of the property by the buyer even though the seller has the right of stoppage in transitu [1 Reed on the Statute of Frauds, sec. 281, pp. 432, 433.]

Where there is evidence pro and con as to a delivery and an acceptance the question is one for the jury. [Hollrah-Dieckmann Refrigerator & Fixture Co. v. St. Louis House & Window Cleaning Co., supra; Sotham v. Weber, supra.]

With these principles in mind we will examine the record to see whether there is any substantial evidence to support the plaintiff's contention that the defendants accepted and received the bull at plaintiff's farm and that the sale was consummated on such acceptance and receipt and that the purchase price was to be paid subsequently—after the bull had been driven to Mansfield and weighed on the scales there.

Defendants' evidence, if believed, established that the defendants bought the bull to be delivered in Mansfield and that payment was to be made when delivered in Mansfield and his weight ascertained on the scales there.

Plaintiff testified that one of the defendants came to his farm and offered five and one-half cents a pound for this bull, his weight to be determined on the scales at Mansfield. Plaintiff's version is that the matter of delivery at the scales in Mansfield was raised by the defendant who bought the animal, and that he declined to make such a sale but stated to the defendants if they wished to buy they would take the stock at the farm, to be weighed at Mansfield, otherwise there would be no sale, and that defendants then agreed to come and take the stock at the farm and that he, plaintiff, agreed to permit his hired man to assist in driving this stock to the scales. Plaintiff states that he kept the bull about a week when a brother of one of the defendants came to the farm and announced that defendants had sent him for the stock (a cow having also been purchased about which there is no controversy), and that thereupon he turned over the stock to this man sent by the defendants, who, with the aid of plaintiff's hired man drove them toward Mansfield.

It appears that the bull became overheated and that when one Hensley's farm was reached on the route the bull was put in a lot where he stayed several days and then died. The cow which was taken from plaintiff's farm at the same time was taken on to Mansfield, weighed, paid for, and a receipt taken for payment.

It is shown that plaintiff asked Hensley to water and care for the bull while there. Plaintiff explains this by saying that he merely made the suggestion as a humane act.

There is evidence in this record that under the sale which was made the delivery and acceptance of the bull was to take place on plaintiff's farm, the value to be determined later after he had been driven to Mansfield by the defendants and his weight ascertained, and that, carrying out such agreement, the defendants sent their agent to plaintiff's farm where the bull was placed in his possession and started to Mansfield accompained by one of plaintiff's hired men who plaintiff says he had agreed with defendants to furnish. With this evidence, given by the plaintiff, it cannot be said that there was not some substantial evidence supporting the verdict which found that plaintiff had sold the bull to defendants with the understanding that the delivery and acceptance had taken place on his farm and that such delivery and acceptance had taken place when defendants' agent appeared at plaintiff's farm and started with the animal to Mansfield. Under the very terms of the contract, as testified to by the plaintiff, the sale was not cash on delivery, but delivery and acceptance at plaintiff's farm and payment of the purchase price waived until the amount could be determined subsequently, as agreed to, when the weight was ascertained at Mansfield.

There is substantial evidence from which a jury could reasonably find that the sale was cash on delivery when the animal was delivered at Mansfield; or that the sale was not cash on delivery, but that it was completed, and the possession handed over and accepted by the defendants when their agent was given charge of the bull at plaintiff's farm. The jury inclined to the latter view and returned a verdict for the plaintiff.

As no other points are raised concerning the trial or judgment other than the one discussed, the judgment will be affirmed. *Sturgis, P. J.,* and *Bradley, J.,* concur.