Jos. Greenspon's Sons Iron and Steel Company, a Corporation, Appellant, v. I. Gerstein, Paul Katz, The Youdell Investment Company, and The Manufacturers' Railway Company, Respondents.*—27 S. W. (2d) 487.

St. Louis Court of Appeals.   Opinion filed May 6, 1930.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 2887, p. 916, n. 31; section 3013, p. 1029, n. 30; Replevin, 34Cyc. p. 1534, n. 94; Sales, 35Cyc, p. 322, n. 90; p. 343, n. 72; p. 614, n. 1.

*Louis Mayer* and *Irl B. Rosenblum* for appellant.

*Taylor, Mayer & Shifrin* and *Hay & Flanagan* for respondent Youdell Investment Company.

NIPPER, J.—This is a suit in replevin, brought by Joseph Greenspon's Sons Iron and Steel Company against I. Gerstein, Paul Katz, The Youdell Investment Company, and the Manufacturers' Railway Company.

The petition alleges that plaintiff is the owner, and lawfully entitled to the possession of two cars of scrap pipe, scrap hangers, and mixed iron; that the value of the property is $4000, and that defendants unlawfully and wrongfully detained said property from the plaintiff; that the property is located in the city of St. Louis. Plaintiff also asks damages in the sum of $1000, for the detention of said property. The sheriff executed an order of delivery by taking the property and delivering it to plaintiff.

Defendant Youdell Investment Company is the only defendant who filed an answer. A demurrer was sustained to the first answer, on the ground that there was no allegation of insolvency of defendants Gerstein and Katz. Plaintiff filed a motion to strike out parts of the second amended answer of the Youdell Investment Company, but this motion was overruled.

The answer of the Youdell Investment Company, in addition to a general denial, alleges that at the time this suit was instituted by the plaintiff and the property seized under the writ of replevin, defendant was in the possession of said property by virtue of the terms of a written contract of sale from this defendant to its co-defendants Gerstein and Katz on the 21st day of April, 1923; that by the terms of a written instrument, Gerstein and Katz, purchasers of the property, agreed to pay for the same before it was removed from the premises of defendant, and that Gerstein and Katz should become liable to defendant for any damages sustained to the buildings of this defendant; that defendant received only a portion of the agreed purchase price of said property from Gerstein and Katz, and that there was an unpaid balance due on the purchase price amounting to $3023.12; that the property mentioned in the replevin suit was at all times in the exclusive and uninterrupted control and possession of this defendant and on the premises of defendant by virtue of which defendant had a lien upon the property. The defendant further answering, alleges that plaintiff had full, actual, and complete knowledge of the ownership and rights of this defendant to the possession of said property and of the contract hereinbefore mentioned, which contract required Gerstein and Katz to pay for said property before removing it from defendant's premises; that Gerstein and Katz fraudulently and maliciously conspired with and induced plaintiff to make a pretended claim for the ownership when

Gerstein and Katz well knew that plaintiff had no interest in said property. The defendant then asks that the property be returned to it or in lieu thereof that a judgment be rendered against the plaintiff in the sum of $3023.12, that the value of the property was $6000. Defendant also asks judgment for $1000 for damages by the wrongful taking and detention of said property.

There was no reply filed.

Upon a trial of the issues before the court and a jury, there was a verdict and judgment in favor of defendants. From this judgment plaintiff has appealed.

The evidence discloses that the Youdell Investment Company, the defendant who contested this suit, had purchased a building which was formerly owned by the Lemp Brewery in the city of St. Louis. After the purchase of this property, the Youdell Investment Company, under date of April 21, 1923, executed a contract of sale, whereby it sold to Gerstein and Katz all pipes, fittings, shafts, pulleys, motors, conveyors, tanks and hangers, located in what is known as the fermenting building and the four-story building adjoining said premises. The consideration was $6000; $500 was to be paid on Tuesday, April 24, 1923, $500 was paid at the time the contract was executed, and $5000 was to be paid within sixty days from the date of the contract, and before removing any part of the material. It was further provided that Gerstein and Katz were to remove the material purchased at their own cost and expense within sixty days from the date of the contract, and to be responsible for any damages to the premises caused by removing the pipes and material before mentioned. The contract also provides that Gerstein and Katz are given the privilege of selling this material or any part of it provided they pay for the same before it is removed and prior to a period of sixty days from the date of the contract, on a basis of not less than ten cents per foot.

It appears that Gerstein and Katz sold this material or a large part of it to plaintiff. One car or more had been removed from the premises, but defendant had been paid for same. When the two carloads in question were attempted to be removed, defendant Youdell Investment Company refused to permit the removal of these two cars until the same was paid for. Plaintiff then brought this action in replevin. The suit was filed on August 3, 1923, yet the case was not tried until April, 1929, almost six years after the original suit was filed.

The evidence on the part of the plaintiff was to the effect that it had purchased this property without any knowledge of the terms and conditions of the contract between Gerstein and Katz and the Youdell Investment Company, and that it had paid to Gerstein and Katz practically all of the purchase price.

The evidence of the defendant was to the effect that plaintiff was fully advised as to the terms of the contract between Gerstein and Katz and defendant before any purchase was made by plaintiff.

Plaintiff attempted to show that there was no balance due the Youdell Investment Company from Gerstein and Katz, for the reason that Gerstein and Katz had been damaged to an extent greater than the balance due, on account of the Youdell Investment Company wrongfully delaying them in their removal of the pipe and scrap from the building. The court refused to admit evidence upon this issue, and in that respect it was clearly right, because the question of damages to Gerstein and Katz, who filed no pleadings in the case, could not be brought in as a collateral issue upon this trial between plaintiff and defendant Youdell Investment Company.

The jury's verdict found that defendant Youdell Investment Company was entitled to recover the possession of the property described in the petition, and the value of such property was assessed at $3023.12 at the time it was taken from the possession of defendant, and six per cent interest from the time of the replevin suit.

As one of the grounds for reversal of this judgment, plaintiff, who is appellant here, contends that as defendant Youdell Investment Company was attempting to hold this property by virtue of a vendor's lien for the balance of the purchase price, it could not establish such a vendor's lien, and could not recover or defeat plaintiff's cause of action upon that theory, because there was nothing to show that the vendees, Gerstein and Katz, were insolvent, and that a vendor's lien does not attach unless the vendor retains possession of the property and the vendee has become insolvent. We do not think this is a case where a vendor's lien is invoked. The contract of sale from Youdell Investment Company to Gerstein and Katz provided that no property was to be removed until paid for. If the title to the property had passed to Gerstein and Katz, the Youdell Investment Company would have to claim its right to possession by virtue of a vendor's lien, but a vendor never has a lien upon his own goods. [Conrad v. Fischer, 37 Mo. App. 352.] In this case, the payment and delivery are concurrent. By the terms of the contract, until payment was made, Gerstein and Katz had no right to the possession, and the title did not pass until the goods were delivered. [State v. Crumes, 319 Mo. 24, 3 S. W. (2d) 229; Coleman v. Reynolds, 207 Mo. 463, l. c. 477, 105 S. W. 1070; Frazier v. Atchison, T. & S. F. R. Co., 104 Mo. App. 355, 78 S. W. 679.] Where a contract of sale is made and there is nothing to do except to deliver and collect the price, the contract of sale is complete without delivery and without payment. [State v. Swift & Co., 273 Mo. 462, l. c. 467, 200 S. W. 1066.] But where the contract of sale provides, as it does in this case, that the goods are to be paid for before de-

livery and before removal from the premises, the title does not pass until payment is made. Nor would it make any difference whether plaintiff knew of the existing contract between Gerstein and Katz on the one hand and Youdell Investment Company on the other, because a sub-vendee to whom an order is given for the delivery of goods, or an assignment or sale made, has no rights greater than, or superior to, the person from whom he derives title. If the vendor had the possession or the right of detention for the unpaid purchase money, he would retain that right notwithstanding the transfer or attempted transfer to plaintiff. [Southwestern Freight & Cotton Express Co. v. Plant et al., 45 Mo. 517.]

Objections are made to certain instructions given on behalf of defendant. Objection is made to instruction No. 2, given for defendant, because it gave the jury the right to find the issues for defendant without requiring them to find that plaintiff had knowledge of the contract between Youdell Investment Company and Gerstein and Katz. As stated above, plaintiff could acquire no more right to this property than Gerstein and Katz had, and it is not material whether plaintiff had knowledge of the contract or not.

Objection is made to instruction No. 7, as well as to the form of the verdict rendered, because said instruction authorized the jury to assess the value as at the time of the taking of the property, instead of at the time of the trial. The answer of defendant alleged that the property was of the value of $6000. Plaintiff Greenspon testified that he bought about $5000 worth of the property. Plaintiff's petition alleged the property was of the value of $4000. The affidavit filed on behalf of plaintiff stated that the property was of the actual value of $4000. While the giving of instruction No. 7 may be said to be technically erroneous, as the value should have been established as of the time of the trial, this error, however, we think was harmless in view of the facts which we have stated. There was nothing to show that the value of the property had either lessened or increased up to the time of the trial, and it may be presumed that it was of the same value as when taken.

There is objection made to the action of the court in modifying plaintiff's requested instruction before reading the same to the jury. The instructions given on behalf of plaintiff were more favorable than it was entitled to have, and it cannot complain of errors committed in its favor.

We find nothing in this record authorizing a reversal of this judgment. The same is accordingly affirmed. *Haid, P. J.,* and *Becker, J.,* concur.