Charlie VITT, Respondent,

v.

Earl BAER, Appellant.

No. 23031.

Kansas City Court of Appeals.

Missouri.

April 4, 1960.

Errol Joyce, Robert Devoy, Brookfield, Jack C. Jones, Carrollton, for appellant.

Don C. Carter, Sturgeon, Christian Stipp, Carrollton, James J. Wheeler, Keytesville, for respondent.

SPERRY, Commissioner.

This is a replevin case. Plaintiff, a farmer, owned one hundred and thirteen head of hogs and, in November of 1956, learned that twenty eight head were gone from his farm. He inquired in the neighborhood and found twenty one head, which he identified as his hogs, in the feed lot of defendant, a neighboring farmer. He instituted this suit and defendant executed a redelivery bond. The cause was tried to a jury in December, 1958. From a verdict and judgment for plaintiff, in the amount of $746.25, defendant appeals.

There was a large volume of testimony, from twenty five witnesses. However, since defendant does not challenge the sufficiency of the evidence, we will not set it out here, but will discuss the pertinent evidence in connection with the various points presented for review.

■ The first error urged is that the Court permitted plaintiff's counsel to engage in unwarranted and prejudicial argument and conduct during the trial and in closing arguments and that, as a result, the verdict was the result of bias and prejudice.

During cross examination of some of defendant's witnesses, counsel for plaintiff questioned them concerning a meeting held at a hotel in Carrollton, the night before, which was attended by defendant and by certain of his witnesses, invited by him, and by two of his attorneys. Some of the witnesses stated that, at that meeting, they discussed with counsel what their testimony would be. During colloquy between opposing counsel the Court admonished counsel for plaintiff not to make remarks which might reflect on defense counsel. It is not, and could not successfully be contended, that plaintiff could not properly inquire concerning the meeting, its purpose, the subjects there discussed, and the interest of witnesses in defendant's cause.

In the closing argument of one of plaintiff's attorneys the following occurred:

"Have you ever been to the theater and seen a puppet show? There is a fellow you know that gets up in the loft here and has a lot of little fellows on the strings and they do all kinds of antics, and he is the master and they are called the marionettes. And the man who handles that would be the master. Now, in that hotel room the other night was, if you had been there, you would have seen the master and the

greatest puppet show you ever saw. The master and the marionettes, and that is what you heard. They take all of their witnesses to the house, the courthouse, I mean the hotel, and that is why all of them tracked—tracked—tracked—because they have been coached and told and 'now you tell it this way.'

"Mr. Joyce: I am going to have to object. That is highly improper.

"Mr. Carter: That is my inference.

"Mr. Joyce: You drew an inference—.

"The Court: Be careful about making serious insinuations, Mr. Carter.

"Mr. Carter: Oh, of course, Earl (the defendant) was in that room Tuesday night and of course it was said how are you going to answer Cressek—how are you going to answer what he said—.

"Mr. Jones: Now I object—.

"The Court: The jury should understand it is only inference.

"Mr. Carter: Plaintiff's case stops where the defendant's case starts. The evidence that the defendant has presented is manufactured evidence; all of it. It is evidence which was manufactured for this case.

"Mr. Joyce: I want to object to that."

Later, during the closing argument of another of plaintiff's attorneys, the following is recorded:

"The Court: Mr. Wheeler, base your arguments on fact Mr. Wheeler, and don't argue probabilities.

"Mr. Wheeler: They manufacture-ed—.

"Mr. Joyce: Just a minute.

"The Court: Come up, gentlemen.

"Mr. Joyce: The defendant wants to object to counsel's statement in argument that the defendant's evidence in this case is 'manufactured evidence'; all of it, and asks that—I want the record to show that defendant objects to counsel's statement in argument that all of the defendant's evidence was manufactured evidence, and asks the Court first, to admonish counsel for making that kind of a statement to this jury, and second, defendant asks that the jury be instructed to disregard it, and not to consider any portion of that statement for any reason.

"The Court: The Court rules that the plaintiff may argue facts of the case, and if there are any inaccuracies that exist in the defendant's case, he may argue the fact—but in his estimation, if there is any manufactured evidence, it is based upon the evidence, and if it is not, then the jury should disregard it, and should point out the evidence if he has such an opinion that points it out.

"Mr. Joyce: And defendant excepts to the Court's refusal to admonish the counsel, and excepts to the Court's failure to advise the jury not to consider it.

"The Court: Proceed.

"Mr. Wheeler: The evidence of the defendant started where the evidence of the plaintiff stops. Not one person with the exception of the defendant's father testified that these were the hogs of the defendant, these were defendant's hogs, and the defendant's father was the inducer of it."

Later, plaintiff's counsel said that defendant had said that all of plaintiff's witnesses, and plaintiff, had lied, that the only truth that plaintiff told was in giving his name.

Defendant says plaintiff's counsel's argument was improper, and not fair comment on the evidence. There appears to have been no intended reflection upon the moral

or professional integrity of defendant's attorneys; nor is there ground in the record for such an inference. However, the argument directed the jury's attention to the evidentiary facts and tended to point to an inference that defendant (not his counsel), had coached his witnesses.

The testimony of plaintiff's witnesses clearly indicated his ownership of the hogs, because of paint markings said to have been acquired from his freshly painted barn and fences; but defendant's witnesses stated that there was no paint on the hogs two days after the sheriff seized and marked them. Plaintiff's witnesses testified to certain clearly defined physical characteristics of the hogs which were not noticed, or were not present, when defendant's witnesses later saw the hogs claimed to have been those marked by the sheriff. Clearly, the evidence indicates that one of the parties, plaintiff or defendant, was a conscious wrongdoer in claiming the hogs in controversy. We cannot say that plaintiff's attorneys, in closing argument, were not entitled to argue an inference of manufactured and perjured evidence; but there was no charge made that defendant's counsel was guilty of knowledge thereof or that any attorney in the case had a part therein. The argument made, in view of the particular circumstances shown in evidence, was legitimate; and the court committed no error in refusing to reprimand counsel therefor. In that respect the situation here differs from that in Critcher v. Rudy Fick, Inc., Mo., 315 S.W.2d 421, 426. In Dunn v. Terminal Railroad Ass'n, Mo., 285 S.W. 2d 701, 709, certain argument was condemned because not based on substantial evidence. The same was said of argument condemned in Dodd v. Missouri-K.-T. R. Co., 353 Mo. 799, 184 S.W.2d 454, 457. Counsel may not be condemned for argument based on the evidence, or or reasonable inferences to be drawn therefrom, and the verdict may not be overturned because of such an argument.

■ Defendant next complains that the Court erred in excluding competent evidence and in unduly restricting defendant's cross examination of his witnesses concerning the hotel meeting of attorneys and witnesses heretofore mentioned. From an examination of the record it does not appear that counsel was unduly restricted, as claimed, although he was not permitted to produce self serving declarations or other statements made by counsel and witnesses out of the presence of plaintiff. It is a well recognized rule that, if a witness has become confused in giving testimony, counsel may ask such questions as will elicit testimony calculated to rehabilitate his original testimony and to explain apparent inconsistencies; but that rule may not be so enlarged as to permit the reception of hearsay and self serving testimony. The record shows that the Court exercised a fair discretion in this connection. Couch v. St. Louis Public Service Co., Mo.App., 173 S.W.2d 617, 623.

■ Defendant urges that plaintiff's Instruction 2 is prejudicially erroneous in that it submitted, as the measure of damages, the value of the twenty one hogs as of the date of trial, even though some of the hogs were not in possession of defendant at that time. In replevin, the general rule is that the value of the property, if it is still in possession of defendant, is to be assessed as of the date of the trial; but, if the property be sold before date of trial upon court order, the value assessed may be the sale price received. Huntington v. Jamieson, Mo.App., 50 S.W.2d 705, 707–708. The judgment need not conform to the statute but may be modified by the facts and circumstances in each case so as to meet its equities. Willison v. Smith, 60 Mo.App. 469, 475. So, when plaintiff sells the goods before trial he may be held to answer, as in conversion, as of the date of the taking.

■ The instruction is erroneous but, since the trial court overruled the motion

for new trial, the burden is on defendant to establish reversible error, or that the error materially affected the merits of the action. Par. 2, Section 512.160 RSMo 1949, V.A.M.S.; Joseph Greenspons' Sons Iron & Steel Co., v. Gerstein, 224 Mo.App. 330, 27 S.W.2d 487, 489; State ex rel. Chicago, R. I. & P. R. Co., v. Shain, 338 Mo. 217, 89 S.W.2d 654, 656. There is no evidence tending to show that the value of the five hogs sold by defendant before trial was any different on the day of trial than it was on the day they were taken, and there was uncontradicted evidence, admitted without objection, which tended to prove that the value of the hogs remaining in defendant's possession on the day of trial was much greater than the amount of the verdict. It does not appear the error was prejudicial.

■ Defendant also predicates error on the charge that there was not sufficient evidence before the jury touching the value of the hogs as of any date, so as to form the basis of the verdict adjudging damages at the sum of $746.25. There was evidence from which the jury could have found that, as of November 17, 1956, the hogs would have weighed two hundred and thirty four and one-third pounds each, and that they were worth 15 cents per pound, having a total value of $737.10. But there was testimony to the effect that the hogs remaining after disposition of five, had farrowed, three times, producing one hundred pigs at one such farrowing. Plaintiff testified to the effect that there were some five hundred pound sows in defendant's pasture the week before trial, that they had pigs, and that such sows, together with their litters, would be worth $150 each. Plaintiff stated that he believed those sows were a part of the hogs claimed by him. There was substantial evidence from which the jury could have believed that defendant had in his possession sixteen producing sows belonging to plaintiff, that had farrowed three times, and that said sows were of the value of $746.25. No damages were awarded for detention of the property for

a period of more than two years. Defendant may not complain of the amount of the verdict on the ground that the jury did not consider or allow anything for the five hogs that defendant had disposed of before trial.

■ The verdict is in excess of the value of $450, the value of the property fixed in plaintiff's petition and affidavit in replevin filed two years before date of trial. Defendant says the verdict cannot stand for that reason.

In Smith v. Mallory, Mo.App., 188 S.W. 934, 935, plaintiff sued in replevin for a bull calf alleged to have been of the value of $10. The case was tried in Circuit Court several months later and the evidence was to the effect that the bull calf was, as of the date of trial, of the value of $25, and verdict and judgment was for that amount. There, as here, plaintiff could have asked to amend his petition to conform to the evidence, but he failed to do so. The Court held that the judgment could not stand and ordered a remittitur of $15, although it was stated in the opinion that the calf had increased $15 in value between the date of institution of the suit and the date of the trial. That decision was rendered in 1916 and the result is in accord with many others rendered before and since. However, rules of procedure were not as liberal at that time as they are now. Section 509.500, V.A.M.S., provides, in part, as follows: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in *all* respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of *any* party at *any* time, even after judgment; *but failure to so amend does not affect the result of the trial of these* issues, * * *." (Emphasis ours.)

In this case, *one* of the issues *pleaded* was the value of the property at the time the petition was *filed*. But, under all of the

decisions, the issue to be *tried* is the value of the property at the *time of the trial*. The evidence went to the value of these brood sows as of the day of trial. That testimony was admitted without objection. that issue was not pleaded but, because of the command of the statute, failure to have amended the petition to conform to the proof does not affect the judgment, which will stand just as though the amendment had been made.

In La Presto v. La Presto, Mo., 308 S.W. 2d 724, 727, the Court disapproved an amendment which would have broadened the issues beyond those pleaded. But that was a default judgment. The decision is based on the theory that one who defaults may not suffer a more onerous judgment than he would have suffered under the petition served on him. It is not, therefore, in point.

This section is the same as Federal Rule 15. Ed. comment under Section 509.500, V.A.M.S. In Hubshman v. Louis Keer Show Co., 7 Cir., 129 F.2d 137, 142, the counterclaim litigated related only to merchandise purchased prior to June 14, 1939. The evidence, unobjected to, showed that a part of the merchandise for the value of which defendant recovered, was purchased prior to that date. Plaintiffs were not prejudiced in their defense thereby. The Court held that the counterclaim would be deemed to have been amended to conform to the proof. See Falls Industries, Inc. v. Consolidated Chem. Indus., Inc., 5 Cir., 258 F.2d 277, 285; Menefee v. W. R. Chamberlin Co., 9 Cir., 183 F.2d 720; Shelley v. Union Oil Co., 9 Cir., 203 F.2d 808, 809.

■ Defendant complains of the Court's refusal to give his instruction seven, as offered, and in giving same as modified by insertion of the word "approximately" before the words "from 140 each to 190 each." The modification was in accordance with the evidence in the case and could not have prejudiced defendant. The jury was the sole judge of the weight and credibility to be given to the evidence bearing on the identity of plaintiff's hogs.

There was substantial evidence on the subjects of the identity and value of the hogs sufficient to sustain the verdict and judgment.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HUNTER, P. J., and BROADDUS, J., concur.

CROSS, J., not participating.