## JOHNSON *v.* BLANCHARD and others.

(*District Court, S. D. New York.* February 18, 1881.)

1. SEAMEN'S WAGES—ABSENCE FROM VESSEL—LEFT IN FOREIGN PORT
—LACHES—COSTS.

Where the libellant overstayed his leave of absence on shore in a foreign port, and the ship left him and returned to New York, after waiting for him, at an increased expense, beyond the time when the libellant knew she was to sail, and six years after wages were claimed for the whole voyage back to New York, and $145 for personal effects left on board, the libellant alleging that he did not exceed his leave of absence, and that the vessel sailed without notice to him:

*Held,* on the evidence, that the libellant went ashore on leave of absence for one hour only, and so understood it; that he was left by the vessel through his own fault, and is not entitled to wages for the rest of the voyage; that his laches in not sooner making his claim known creates a strong presumption that he knew he was not entitled to such wages.

*Further held,* that not having been treated as a deserter he could recover $11.09 for unpaid wages up to the time when he left, and $4 proceeds received by the vessel for his clothing; that having, in addition to a small claim for wages, claimed a large sum to which he was not entitled, costs would be refused to the libellant. *The Louisiana,* 4 FED. REP. 751, and cases cited.

In Admiralty.

*J. J. Maclin,* for libellant.

*J. A. Deady,* for defendant.

CHOATE, D. J. This is a suit *in personam* for wages against the owners of the bark American Lloyd's.

The libellant shipped in New York in July, 1874, on a voyage to Stettin and back to New York, as second mate. The libel alleges that while the vessel was in the port of Stettin, with the permission of the master, he went ashore at about 6 o'clock in the evening, to return the next morning, and that while he was so absent on leave, and without notice to him, the vessel left the port, taking all his clothing and personal effects, arriving in New York about November 15, 1874; that the libellant, being left entirely destitute, was obliged to seek other employment, and only arrived in New York within a few days before filing his libel, which was on the seventh day of June, 1880. The libellant claims four months' wages up to the return of the vessel to New York, amounting to $150; and also, for his clothing and personal effects, $145. The defence is that the libellant was allowed to go ashore for an hour; that he knew the vessel was expected to sail the next morning at 4 o'clock; that the vessel was ready to sail at that time, but the master waited for the libellant, who had

not returned, until 8 o'clock in the morning, the master having in the mean time gone ashore in search of libellant, without success; and that the libellant's effects on board were not worth over $10.

The weight of the evidence is, I think, that the libellant knew that the vessel was to sail early in the morning, and that he had leave of absence only for an hour; that he was left behind by his own fault in not returning to the vessel, and the vessel waited for him several hours, at an increased expense for towage of $40; that the libellant had no such clothing and effects on board, either in amount or value, as represented in his libel; that one pair of boots belonging to him was taken by the mate on the return voyage, and accounted for to the ship at four dollars, which was their fair value; that as to the rest of the articles they were of little or no value, and were delivered at New York to a relative of libellant, whom he authorized to receive them. It also appeared that the libellant, though not in New York again till shortly before filing the libel, had been in Boston, Baltimore, and other American ports, and had a relative here with whom he corresponded about his clothing, but that he never made any claim for his wages until shortly before filing his libel. There was due to the libellant up to the time he left the vessel $11.09 for wages. I am satisfied by the proof that he is not entitled to any wages after that time, and that he knew it. His laches creates a strong presumption against him, which is confirmed by the evidence. He was not treated as as a deserter, nor entered as such in the log; therefore his wages up to the time he left are not forfeited. He is entitled to $11.09 wages, and $4 received by the vessel for his boots; in all, $15.09. Ordinarily, costs are not denied in a case of wages, but where the seaman tacks on to a small claim for wages a large claim to which he is not entitled, the court will sometimes refuse costs. *The Louisana*, 4 FED. REP. 751, and cases cited. This libellant was not an ignorant seaman, but a person of considerable intelligence, and I think the case is a proper one in which to refuse costs.

Decree for libellant for $15.09, without costs to either party.