## BUCHANAN et al. v. UNITED STATES et al.

## CONNER et al. v. SAME.

District Court, N. D. California, S. D. November 10, 1927.

Nos. 19241, 19273.

1. Seamen ⟐⟐21(4)—Seamen missing vessel, hoping to delay sailing over Christmas Day, and attempting to rejoin, were not "deserters."

Where seamen, constituting in excess of one-third of crew, missed vessel intentionally, hoping to delay sailing, so that they could celebrate Christmas Eve and Christmas Day ashore, but making every effort to rejoin when vessel sailed on scheduled time, were not "deserters."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deserter.]

2. Seamen ⟐⟐19—Where seamen intentionally missed vessel, but later rejoined, master was not required to keep places open, and vessel was liable for wages to time of leaving only.

Where seamen intentionally missed vessel, leaving her short-handed, hoping to delay sailing over Christmas Day, they breached their contracts, and there was no duty on part of master to keep places open for indefinite period, even after notice that they were attempting to rejoin, and, where master had signed on new men before they reached vessel, vessel was liable for no more than wages earned by each man up to time of their leaving, less advances, but vessel was liable for these amounts.

**3. Seamen ⊂⇒18—Failure to pay wages, where seamen intentionally missed vessel, hoping to delay sailing, was not ground for awarding additional pay under statute (46 USCA § 596).**

Where seamen intentionally missed vessel, hoping to delay sailing over Christmas Day, but vessel sailed on scheduled time and seamen attempted to rejoin later, but master had signed on new men before they rejoined, failure to pay wages up to time of leaving was not ground for awarding seamen additional pay provided for by Rev. St. § 4529 (46 USCA § 596; Comp. St. § 8320).

In Admiralty. Libels by Thomas Buchanan and others and by Herbert S. Conner and others against the United States and others, for wages alleged to be due. Judgment for libelants in accordance with opinion.

Albert Michelson, of San Francisco, Cal., for libelants.

George J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for respondents.

KERRIGAN, District Judge. These are libels filed by a group of seamen for wages alleged to be due. These men were all members of the crew of steamship West Carmona. On December 24, 1926, this vessel was at Davao, P. I. She sailed from that port shortly after midnight, December 25, 1926, leaving libelants and several others, 12 in all, behind.

The evidence shows that these men knew that the ship was due to sail at midnight. It also shows that they conceived the idea that, since they constituted in excess of one-third of the crew, if they all remained ashore, the master would not sail without them, giving them the opportunity to celebrate Christmas Eve and possibly Christmas Day ashore. In this they were mistaken. The West Carmona sailed on scheduled time. The men missed the shore launches deliberately, but were on the dock when the vessel moved out of sight.

Through the ship's agent these seamen immediately notified the master of the vessel that they would follow and rejoin as soon as possible. They did not reach her until January 6. In the meantime, on January 2, the master had signed on new men. He refused to accept the seamen on their return to the ship, and declared them deserters.

[1] Under the evidence I agree with Mr. McArthur, the shipping commissioner, who looked into this matter and held hearings when these men returned to San Francisco, whose long experience in such matters I greatly respect, that these men were not deserters. They had no intention of leaving the ship permanently. They did hope to delay her

24 F.(2d)—34

sailing, and, when they failed to do so, made every effort to rejoin. They had missed the vessel by their own fault, however, and by doing so left her short-handed. They therefore breached their contracts. .

[2, 3] Under these circumstances, there was no duty on the part of the master to keep their places open for an indefinite period, even after notice that they were attempting to rejoin. The vessel is liable for no more than wages earned by each man up to December 24, 1926, less advances, but is liable for these amounts. Scully v. Great Republic (D. C. Cal.) Fed. Cas. No. 12,571. The failure to pay these wages heretofore is, however, not ground for awarding to libelants the additional pay provided for by Rev. St. U. S. § 4529 (46 USCA § 596; Comp. St. § 8320), the circumstances of this case affording no basis for the imposition of such penalty.

Respondent has paid the amounts due libelants up to December 24, 1926, as shown by the ship's records, into the registry of the court, and the judgment will be for libelants for the wages due to each up to December 24, 1926, with interest at 4 per cent. from December 24, 1926, and costs.