## LILLIG v. UNION SULPHUR CO.
### No. 8254.

Circuit Court of Appeals, Ninth Circuit.

Jan. 11, 1937.

William P. Lord and T. Walter Gillard, both of Portland, Or., for appellant.

Erskine Wood, of Portland, Or., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

The appellant, Robert Lillig, was injured by falling from or with a ladder while engaged in painting a fire-room ventilator on the deck of the steamship Henry D. Whiton, owned by appellee. Lillig signed aboard the Henry D. Whiton at Portland, Or., his home, for its voyage from that city to New York. While there was some conflict as to whether or not he signed on as an able-bodied seaman, he was not possessed of papers certifying him

as such, and he failed to pass the examination for such ranking just prior to sailing. However, he was not wholly inexperienced, for he had been going to sea for several years.

The accident occurred on or about November 27, 1934, while the vessel was on the Pacific Ocean, a few days south of San Pedro, Cal., and north of the Panama Canal. A fracture of the right kneecap necessitated hospitalization of the appellant at Ancon, Canal Zone, where he remained until picked up by the vessel on its return trip to Portland, and was brought home as a workaway.

There was conflict between the appellant's witnesses as to what actually happened at the time of the accident, how it was brought about and what, if any, safety precautions had been taken. At the trial the court permitted appellant's counsel to amend the libel to conform to the proof, after objection by appellee's counsel. The only evidence introduced by appellee was the deposition of Theodore Wiberg, first mate of the Henry D. Whiton, who, in the amendment to the libel, was charged by appellant with responsibility for the accident. The court found the testimony of the libelant and his witness, Tully, to be unreliable and believed the testimony of Wiberg, the first mate, witness for respondent. The court further found "That the libelant, a seaman on the 'Henry D. Whiton' belonging to respondent, was engaged in painting the starboard ventilator on or about November 27, 1934, in a smooth sea and suitable weather, and under circumstances in all respects suitable for doing that kind of a job; that he placed a wooden ladder against the ventilator, but failed to secure it, lash it, or brace it, or take other means to prevent its slipping and falling, all of which means were at his disposal, and either the ladder slipped and he fell with it, or he fell from the ladder, and suffered certain injuries which were not, however, of a very serious nature, but they were not attributable in any way to negligence on the part of respondent." Decree was entered accordingly, from which libelant appealed.

The findings of the court were made on conflicting evidence. In the first place the testimony given by the libelant did not conform to the allegations of the libel filed, and the court permitted libelant to amend the libel in open court to conform to the evidence offered. Secondly, the witness Tully did not agree with appellant Lillig on certain points, especially as to whether or not the ladder was in place when Lillig came on deck or whether Lillig placed the ladder in its first position himself. Nor did Tully's testimony agree with an affidavit signed by him some time previously in which he places the blame for the accident with Lillig and in which he averred that Lillig admitted and assumed all responsibility for the accident. Lastly, respondent's witness, Wiberg, who testified by deposition, did not agree as to the details, with either of appellant's witnesses.

Although an appeal in an admiralty case is regarded as a trial de novo, the findings of the trial court will not be disregarded by the appellate court where supported by competent evidence. Where the findings are made on conflicting evidence and the trial court has seen and heard the witnesses and has had an opportunity of judging their credibility, the findings are entitled to great weight and should not be upset, except for manifest error or unless it is shown that they are clearly wrong.

This court said, in The Mabel, 61 F. (2d) 537, 540:

"In the case of The San Rafael, 141 F. 270, 275, Judge Ross, speaking for this court, said: 'It is well settled, said the Supreme Court in Irvine v. The Hesper, 122 U.S. 256, 266, 7 S.Ct. 1177, 30 L.Ed. 1175, "that an appeal in admiralty from the District Court to the Circuit Court vacates altogether the decree of the District Court, and that the case is tried de novo in the Circuit Court. (Citing cases.)"'

"* * * even if we were inclined to differ with the learned trial judge who saw the witnesses, heard their testimony, and had opportunity of passing upon their credibility and accuracy, we would not be warranted in interfering with his findings of fact and conclusions, 'unless the record discloses some plain error of fact, or unless there is a misapplication of some rule of law.' * * *

"In Merchants' & Miners' Transp. Co. v. Nova Scotia S. S. Corp., 40 F.(2d) 167, 168, the Circuit Court of Appeals for the First Circuit said: 'His (the trial judge's) conclusions should be adopted by this court —in which an admiralty case is tried de novo—unless plainly wrong. * * *'"

We have thoroughly and painstakingly examined the record and find no plain error of fact. The witnesses heard and seen by the judge were disbelieved by him and the witness who testified by deposition told a straightforward story.

■ Appellant further assigns as error the refusal of the court to allow him $150 for time lost from his work, the sum being computed by him on the basis that his salary was equal to a shore wage of $100 per month and that the uncompleted part of his voyage was a month and one-half. This cannot be allowed because the appellant's salary aboard the vessel was $47.50 per month; he was paid off at Balboa, Canal Zone, on December 3, 1934; and, as the libel states, the voyage was to end at New York, and this is admitted in the answer. The crew was paid off at Poughkeepsie, which is part of the port of New York, December 12, 1934—eight days after Lillig was paid off. The libel makes no claim for actual wages, but attempts to set up the sum of $100 per month as equivalent to such wage, which the appellee asserts is a damage claim and not one for wages. The ruling of the court against such claim must be sustained.

Decree affirmed.