DRAIN v. SHIPOWNERS & MERCHANTS TOWBOAT CO., Limited, et al.

No. 10993.

Circuit Court of Appeals, Ninth Circuit.

June 13, 1945.

Rehearing Denied July 9, 1945.

Charles H. Fish, of San Francisco, Cal., for appellant.

John H. Black, Edward R. Kay, and J. Hampton Hoge, all of San Francisco, Cal., for appellees.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from a decree upon a libel in admiralty in personam, brought under the Jones Act[1] to recover damages for personal injuries to appellant Drain, who was an ordinary seaman on Tugboat "Sea Scout", and who was injured while she was docking at 16th Street Dock in San Francisco, California, on April 9, 1943.

The decree, based on findings and conclusions, was that libelant take nothing and that respondents recover costs. Libelant sued under the Seaman's Act,[2] without prepayment of costs.

The injury occurred to Drain when in approaching the pier he stood on the guard rail of the tug, outside of the rail, ready to take a mooring line to the pier. He was caught between the side of the tug and a hanging fender as she swung toward the pier, and his leg was broken and crushed.

According to the libel, Drain began work as an ordinary seaman for the first time on March 10, 1943, and was inexperienced in that work. He further alleges that he was negligently and unskillfully instructed by libelee as to the methods and manner of working and as to its dangers and complexity, and that by that negligence his injury was caused.

Libelees' answer denies allegations of the libel and alleges defensively that Drain's injuries were due to his own failure to be careful and cautious for his own safety. There appears to be no real claim or liability against co-libelee, the Crowley Launch & Tugboat Co.

While there are six assignments of error, at the hearing upon the appeal all assignments were waived, except that embodying the main and controlling controversy as to whether on the evidence in the Apostles it is established that libelee was neglectful of its duties toward the libelant, Drain, as its ordinary seaman, or whether his injury had its sole cause in his own want of care for his own safety in a place of danger.

▮ The court below found as a fact that libelant was not inexperienced or unfamiliar with his work; that appellees, or their agents, servants, or employees were not unskillful or negligent in instructing appellant as to the manner of his work, nor were appellees or their agents, servants, or employees, negligent or unskillful in handling the tug; that appellant was not given an unsafe place to work and was not ordered into an unsafe place, and that appellees had not failed to warn Drain when he took a post of danger.

In passing on the merits of the case, Judge Goodman in the District Court, in the course of his opinion, among other things said: "The Supreme Court has held that seamen are wards of the Admiralty, and that the policy is to afford to them the fullest protection. That protection extends to their maintenance and cure in the case of injury, and also, of course, to their compensation for disability suffered in the course of their employment. That does not mean, however, that a seaman will get judgment where there is no liability at all. In this case there is not the slightest evidence of negligence at all. As a matter of fact, the libelant's own testimony negatives that, without resorting to the testimony of any other witness in the case. There is not the slightest evidence of negligence on the part of the respondents upon any theory of the case."

The evidence as set forth in the Apostles on Appeal shows that libelant had experience for the work he was performing; that the tugboat proceeded up to the dock in the normal manner and at a slow rate of speed; that when the libelant was seen standing on the guard rail he was warned by the servants and agents of appellees to get back onto the deck of the vessel; that libelant disregarded the warning, which resulted in his injury.

There is ample competent evidence in the record to support the findings.

▮ Although an appeal in admiralty is a trial de novo, the trial judge's findings must stand unless they are clearly against the weight or preponderance of the evidence. The Ernest H. Meyer, 9 Cir., 84 F.2d 496, 500; United States Gypsum Co. v. Conners Marine Co., 2 Cir., 119 F.2d 689; McAllister Bros. v. Penn. R. Co., 2 Cir., 118 F.2d 45, 2 Corpus Juris Secundum 326, Admiralty § 192. The trial court heard the witnesses and thus had opportunity to judge their credibility.

Affirmed.