## STETSON v. UNITED STATES et al.

### No. 11169.

Circuit Court of Appeals, Ninth Circuit.

April 29, 1946.

David A. Fall, of San Pedro, Cal., for appellant.

L. K. Vermille, Dan Brennan, and Overton, Lyman, Plumb, Prince & Vermille, all of Los Angeles, Cal., for appellee American Hawaiian SS Co.

Charles H. Carr, U. S. Atty., and Ronald Walker, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a decree dismissing an amended libel, hereafter called the libel, filed by appellant (Harold E. Stetson) against appellees (the United States and American Hawaiian Steamship Company, hereafter called the Company) in the District Court of the United States for the Southern District of California. The facts are as follows:

The United States was the owner of the steamship Daniel Boone, hereafter called the Boone, and the Company was the general agent of the War Shipping Administration in the operation thereof. Appellant was an able-bodied seaman on the Boone, having signed thereon at the port of Los Angeles, California, on April 25, 1942, for a voyage not to exceed 12 months. The shipping articles signed by appellant provided that he should be paid wages of $100 a month and war bonuses in accordance with the United States Maritime War Emergency Board Decisions.

Appellant sustained injuries of a minor nature on June 5, 1942, and in consequence thereof was removed from the Boone and taken to a hospital in Melbourne, Australia, on June 8, 1942. The Boone left Melbourne on June 8, 1942, and terminated its voyage at Baltimore, Maryland, on December 2, 1942. Appellant did not rejoin the Boone, but returned to the United States aboard another vessel.

Wages and bonuses earned by appellant while aboard the Boone—from April 25, 1942, to June 8, 1942—amounted to $462.55. Appellant received full payment of this amount[1] and, in addition, received from the Company $283.33,[2] making a total of $745.88. In consideration of the $283.33, appellant executed and delivered to the Company on January 9, 1943, a release of any and all claims and demands against appellees or either of them.[3] The release was read and understood by appellant before he executed it.

Thereafter appellant filed his libel, seeking thereby to recover of appellees wages and bonuses which he claimed he would have earned had he remained on the Boone from June 8, 1942, to December 2, 1942.[4] Answering, appellees denied liability and pleaded the release. Trial was had and, as required by Admiralty Rule 46½, 28 U.S. C.A. following section 723, findings of fact and conclusions of law were stated by the

[1] Of this amount, appellant received $200.99 while aboard the Boone and $261.56 after returning to the United States.

[2] In four installments—$117.82, $75, $73.33 and $17.18

[3] The release was as follows: "Know all men by these presents: That the undersigned, Harold Stetson, in consideration of the payment to him of the sum of Two Hundred Eighty-Three & 33/100 Dollars ($283.33) lawful money of the United States of America, the receipt whereof is hereby acknowledged, does hereby release and forever discharge American Hawaiian Steamship Company, a corporation, the steamship Daniel Boone, its master, officers, agents, crew, and each of them, the War Shipping Administration, United States of America, and Firemen's Fund Insurance Company, from any and all claims and demands of every nature whatsoever by the undersigned from the beginning of the world to and including the present time, and without limiting this release to any specific claim or claims, whether mentioned herein or not, the undersigned does hereby release said vessel and said parties and each of them from all claims arising out of or in connection with that certain injury and/or illness suffered by the undersigned while employed by said vessel on or about June 5, 1942, including, without limitation however, all claims for damages at law and in admiralty, including interest and costs, and for wages, maintenance, cure, transportation, and subsistence, under any act or law, it being the intention of this instrument to acknowledge full and complete settlement and satisfaction for any loss, damage, injury, sickness, or expense, suffered or sustained or claimed by the undersigned, as aforesaid, whether the same be now existent or known to him, or which may hereafter arise, develop or be discovered. Dated at San Francisco this 9 day of Jan. 1943. This is a general release. I have read and understand this release. [Signed] Harold Stetson."

[4] Appellant claimed that such wages and bonuses would have amounted to $1,775.

court. The court found that appellant executed the release freely, without deception or coercion, and with a full understanding of his rights. It concluded that the release was valid, and that appellant was not entitled to recover any sum whatever of appellees or either of them. Hence the decree here appealed from.

■ As required by Rule 3 of our rules governing appeals in admiralty, appellant filed with the clerk of the District Court an assignment of errors. Thereby 17 alleged errors were assigned. As required by Rule 20 of our general rules, appellant has filed with the clerk of this court 20 copies of a brief. Therein only three alleged errors are argued. Errors assigned, but not argued, are deemed waived.[5]

In his brief, appellant argues that the District Court erred (1) "in finding that [appellant] executed the release with a full understanding of his rights and [that] the release was a valid release;" (2) "in not finding that the release was void in that it was executed without good and sufficient consideration;" and (3) "in not finding that [appellant] was entitled to recover as wages a sum equal to what he would have made on the [Boone] from the 8th day of June, 1942, to the 2nd day of December, 1942, together with $20 subsistence."

■ There is no merit in appellant's argument. The findings are supported by substantial evidence, are not clearly erroneous and hence should not be disturbed.[7] The evidence did not warrant a finding that the release was executed without good and sufficient consideration. Upon the facts found, the court correctly concluded that the release was valid, and that appellant was not entitled to recover any sum whatever of appellees or either of them.

Decree affirmed.

[5] McCarthy v. Ruddock, 9 Cir., 43 F. 2d 976; Mittry Bros. Construction Co. v. United States, 9 Cir., 75 F.2d 79; Forno v. Coyle, 9 Cir., 75 F.2d 692; United States v. Los Angeles Soap Co., 9 Cir., 83 F.2d 875; Mutual Life Ins. Co. v. Wells Fargo Bank & Union Trust Co., 9 Cir., 86 F.2d 585; Radius v. Travelers Ins. Co., 9 Cir., 87 F.2d 412; Lewis v. Standard Oil Co., 9 Cir., 88 F. 2d 512; Liquid Veneer Corp. v. Smuckler, 9 Cir., 90 F.2d 196; Bank of Eureka v. Partington, 9 Cir., 91 F.2d 587; Suffel v. Bosworth, 9 Cir., 95 F.2d 494; Barringer v. Lilley, 9 Cir., 96 F.2d 607; Moore v. Tremelling, 9 Cir., 100 F.2d 39; Martin v. Sheely, 9 Cir., 144 F.2d 754.

[7] The Golden Star, 9 Cir., 82 F.2d 687, and cases there cited; Lillig v. Union Sulphur Co., 9 Cir., 87 F.2d 277; The Shangho, 9 Cir., 88 F.2d 42; Calanchini v. Bliss, 9 Cir., 88 F.2d 82; The Heranger, 9 Cir., 101 F.2d 953; Crowley Launch & Tugboat Co. v. Wilmington Transportation Co., 9 Cir., 117 F.2d 651; Puratich v. United States, 9 Cir., 126 F. 2d 914; Luckenbach S. S. Co. v. Societa Anonima, 9 Cir., 127 F.2d 86; Stockton Sand & Crushed Rock Co. v. Bundesen, 9 Cir., 148 F.2d 159; Drain v. Shipowners & Merchants Towboat Co., 9 Cir., 149 F.2d 845.