**BORNHURST v. UNITED STATES.**

**No. 11577.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 4, 1947.

Dee B. Tanner, of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ronald Walker and Robert E. Wright, Assts. U. S. Atty., all of Los Angeles, Cal. (Lasher B. Gallagher, of Los Angeles, Cal., of counsel), for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

At all pertinent times, the tanker Puente Hills was owned, operated and employed as a merchant vessel by appellee, the United States. On and prior to May 12, 1945, appellant, Clyde Burdette Bornhurst, was employed by appellee as a seaman on board the Puente Hills, his duties being those of a wiper in the engineer's force. On May 12, 1945, while the Puente Hills was on navigable waters of the Pacific Ocean off Finschaven, New Guinea, appellant was injured when a tank top fell and struck his hands.

Thereafter appellant, by his guardian ad litem, Isabel Bornhurst,[1] filed a libel in personam against appellee and others, thereby seeking to recover on account of his injuries damages in the sum of $50,000. On motion of appellant, the libel was dismissed as to all respondents except appellee. Appellee answered, and a trial was had, at

[1] Appellant was 17 years old when the libel was filed.

the conclusion of which appellant moved for leave to file an amended libel. The motion was denied. Findings of fact and conclusions of law were stated,[2] and a decree was entered in appellee's favor. From that decree this appeal is prosecuted.

The libel alleged that appellant was working in the course of his employment at the time he was injured; that "Respondents [appellee and others] failed to provide libellant [appellant] with a seaworthy ship at the beginning of the voyage on which the accident set forth herein occurred and failed to take reasonable means to insure the seaworthiness of said ship for and during the said voyage;" that "the unseaworthiness was due to improper construction of the operating gears used to raise and lower the tank tops of the storage tanks;" that, "after the voyage got under way, the respondents failed to use reasonable means to insure the seaworthiness of the said ship, in that they failed to take means to prevent the tank tops from falling down and, in particular, the tank top to No. 8 port wing tank which struck this libellant;" and that, "as a direct and proximate result of the unseaworthiness of said vessel as aforesaid," appellant was injured. The answer denied these allegations, and the court found that they were untrue.

The court further found: "The libellant [appellant], prior to the time he sustained injury, had been cleaning the quarters of certain members of the engine room department, but, before completing his said work, libellant left the part of the vessel where he was required to be in the performance of his job and made his way over and across a portion of the after well deck of said vessel to a point where other seamen were engaged in doing work with reference to a 600-pound movable and moving tank top cover. The libellant, voluntarily and not in the performance of any work or duty which he was required to do or perform, placed his hands on the edge of said tank and leaned forward, supporting his weight by his hands, for the purpose of examining the inside of said tank. Said acts on the part of the libellant were prompted solely and exclusively by the libellant's curiosity, and the libellant sustained injury to his hands when said tank top suddenly descended and pinched the libellant's fingers between the under surface thereof and the rim of said tank. * * * The libellant had no duties of any kind to perform at or near the tank top, and if the libellant had continued in the performance of his regular duties, he would not have been injured. The tank top * * * was a heavy, movable and moving device, weighing approximately 600 pounds, and the fact that it was a heavy, movable and moving device was obvious to any person observing the same, and the libellant had knowledge that two other seamen were performing work with reference to said tank top."

The findings are supported by substantial evidence, are not clearly erroneous and hence should not be disturbed.[3] Upon the facts found, the court correctly concluded that appellant was not entitled to recover, and that the libel should be dismissed, with costs to appellee.

The court held that, "By placing his hands upon the rim of said tank while work was being done with reference to the tank top, the libellant [appellant] * * * assumed. the risk of injury which might ensue." Appellant contends that this holding was erroneous. In view of the conclusions reached by us, this contention need not be considered.

Appellant complains of the denial of his motion for leave to file an amended libel. The motion was made orally. At the time of making it, appellant tendered his proposed amended libel. This was not an amendment of the original libel "in matters of form,"[4] but was a new and different libel. Instead of seeking recovery on the ground of unseaworthiness, it charged negligence on the part of appellee and sought recovery on that ground only. Its stated purpose was "to conform with the proof."

---

[2] See Admiralty Rule 46½, 28 U.S.C.A. following section 723.

[3] Stetson v. United States, 9 Cir., 155 F.2d 359.

[4] See Admiralty Rule 23, 28 U.S.C.A. following section 723.

Actually, it did not so conform. The proof showed that appellant's injuries were caused by his own negligence and not by any negligence of appellee. Filing the proposed amended libel would have availed appellant nothing. We conclude that the motion was properly denied.

Decree affirmed.