## MEINTSMA v. UNITED STATES.
### No. 11564.

Circuit Court of Appeals, Ninth Circuit.
Dec. 16, 1947.

Dee B. Tanner, of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., and Ronald Walker and Robert E. Wright, Asst. U. S. Attys., all of Los Angeles, Cal. (Lasher B. Gallagher, of Los Angeles, Cal., of counsel), for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

At all pertinent times, the steamship Mission Buena Ventura was owned, operated and employed as a merchant vessel by appellee, the United States. On and prior to September 4, 1945, appellant, David E. Meintsma, was employed by appellee as a fireman on board the Mission Buena Ventura. On September 4, 1945, while the Mission Buena Ventura was docked at Terminal Island, Los Angeles County, California, appellant was injured when he jumped from a gangplank to the dock.

Thereafter appellant filed a libel in personam against appellee and others, thereby seeking to recover on account of his injury damages in the sum of $10,000. On motion of appellant, the libel was dismissed as to all respondents except appellee. Appellee answered, a trial was had, findings of fact and conclusions of law were stated,[1] and a decree was entered in appellee's favor. From that decree this appeal is prosecuted.

The libel alleged that "the respondents [appellee and others] * * * carelessly and negligently failed to provide a safe and secure means for libellant [appellant] to leave said ship [the Mission Buena Ventura] * * * but instead provided a gangplank in a precarious position * * * so as to cause a dangerous and hazardous means for this libellant to leave said ship," and that, "by reason of the carelessness and negligence of the respondents as aforesaid, and as a direct and proximate result thereof," appellant was injured. The answer denied these allegations, and the court found that they were untrue.

The court further found: "While working aboard said vessel, the libellant slept and ate ashore, and his working time each day ended at 4:30 P.M. Shortly after 4:30 P.M. on said 4th day of September, 1945, after the libellant had quit work for the day and at a time when he was off duty, he was leaving said vessel by way of a gangplank made of steps running parallel with the side of the vessel. Said gangplank was secure at the side of the vessel, but the lower end of said gangplank did not touch the dock to which the libellant intended to make his way in leaving said vessel. The lower end of said gangplank could have been lowered so that it would touch the dock, and said lowering could have been accomplished by means of ropes which held the lower end of the gangplank in place. The libellant, at the time he stepped upon the upper portion

---

[1] See Admiralty Rule 46½, 28 U.S.C.A. following section 723.

of said gangplank, was aware of the fact that the lower end of the gangplank was approximately three feet above the surface of the dock and proceeded down the gangplank with that knowledge. The vessel was also subject to some sidewise motion on account of the action of the water, and when the libellant reached the bottom of the gangplank, the side of the vessel was two or three feet removed from the edge of the dock, so that there was space between the outside of the lower end of the gangplank and the edge of the dock. The libellant, of his own volition, determined that he had the physical ability and agility to jump from the lower end of the gangplank on to the dock, and did so, and thereby sustained an injury * * *."

The court further found: "When the said libellant reached the point where the gangplank was available, he observed that the lower end of said gangplank was not in contact with the surface of the dock, and when he reached the lower end of said gangplank, he observed that, due to the action of the water, the vessel was moving to and from the side of the dock, and that at times the lower end of said gangplank would reach a point several feet from the edge of the said dock. With said knowledge, the libellant negligently failed to make any request of any officer or any fellow crew member to have the said gangplank lowered so that it would come in actual contact with the surface of the said dock and negligently and carelessly proceeded to the lower end of said gangplank and, voluntarily and without the necessity therefor, attempted to and did jump from the lower end of said gangplank to the dock * * *."

The findings are supported by substantial evidence, are not clearly erroneous and hence should not be disturbed.[2] Upon the facts found, the court correctly concluded that appellant was not entitled to recover, and that the libel should be dismissed with costs to appellee.

Appellant's brief states that "Appellant's alleged contributory negligence * * * is not a defense to this action." There was no allegation, nor any finding, that appel-

lant was guilty of contributory negligence. Whether contributory negligence, if pleaded and proved, would have been a defense need not be decided.

The court held that appellant "assumed all risk of injury." Appellant contends that this holding was erroneous. In view of the conclusions reached by us, this contention need not be considered.

Decree affirmed.

[2] Stetson v. United States, 9 Cir., 155 F.2d 359; Bornhurst v. United States, 9 Cir., 164 F.2d 789.