## HEDER v. UNITED STATES.

No. 11767.

Circuit Court of Appeals, Ninth Circuit.

May 5, 1948.

Dee B. Tanner, of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ronald Walker and Robert E. Wright, Asst. U. S. Attys., all of Los Angeles, Cal. (Lasher B. Gallagher, of Los Angeles, Cal., of counsel), for appellee.

Before MATHEWS, BONE and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

At all pertinent times, the steamship Robert M. LaFollette was owned, operated and employed as a merchant vessel by appellee, the United States. On and prior to August 7, 1945, appellant, Walter M. Heder, a minor was employed by appellee as a seaman on board the vessel. On August 7, 1945, while the vessel was at anchor in Buckner Bay, Okinawa, on navigable waters of the Pacific Ocean, appellant was injured when his left thumb was caught between a line and a spool called a niggerhead.

Thereafter appellant, by his guardian ad litem, filed a libel in personam against appellee, seeking thereby to recover on account of his injury damages in the sum of $5,000. Appellee answered, a trial was had, findings of fact and conclusions of law were stated,[1] and a decree was entered in appellee's favor. From that decree this appeal is prosecuted.

The libel alleged that "on or about August 7, 1945, the libelant [appellant], while discharging the duties of his employment and while acting within the scope of his employment, was required to man and control a niggerhead so as to raise, with the help of other crewmen, a boat to the deck of said ship." The court found that "on or about August 7, 1945, the libelant was generally acting in the course of his employment and was generally discharging the duties of his employment in that he was required to man and control a niggerhead so as to raise, with the assistance of other crewmen, a small boat to the deck of said vessel."

The libel alleged: "During the operation of raising the boat to the deck of said steamship, libelant was ordered to stand by

[1] See Admiralty Rule 46½, 28 U.S.C.A. following section 723.

900

the niggerhead on the starboard side of said ship at the aftermost winch and at a particular time in the raising of the boat from the ocean to the deck of said ship, the libelant was given an order to hold the line with his hand on the niggerhead so as to permit the line, coiled around the spool, or niggerhead, to slip on the spool. In attempting to do this, the line, wrapped around the niggerhead and connected to the boat being pulled to the deck, instead of slipping on the spool, the line gripped the spool and continued to turn with the spool and it ground libelant's left thumb off at the first joint."

The court found: "It is not true that the libelant was given any order to hold the line with his hand on the niggerhead, either to permit the line coiled around the spool or niggerhead to slip on the spool or otherwise. It is true that during the operation of raising the small boat to the deck of the said steamship, the libelant was given an order to surge the line in his charge, and the libelant, of his own volition, placed his left hand on the line as it was wrapped around the said niggerhead and thereby caused his thumb to become caught between the line and the surface of the niggerhead, and the said left thumb was injured so that it was necessary to have the same amputated at the first joint."

The libel alleged that "the respondent [appellee] was careless and negligent in its control of the operation of raising the particular boat at the aforesaid time and place to the deck of said ship at the time of libelant's accident and was more specifically negligent in [specified particulars]," and that, "as an approximate result of the respondent's negligence, and because thereof, the libelant has suffered the loss of his left thumb, endured great pain and suffering and will continue to endure pain and suffering for a long time to come, and will be permanently disfigured and suffer a permanent disability in his capacity to earn money for the rest of his life." The court found that these allegations were untrue.

The answer alleged and the court found that "on or about August 7, 1945, the libelant negligently and carelessly stood too close to operating machinery and negligently and carelessly placed his left thumb in a dangerous position and, as a proximate result thereof, the end of his left thumb was caught and pinched, making it necessary for libelant to have the distal end of his left thumb amputated."

The findings are supported by substantial evidence, are not clearly erroneous and hence should not be disturbed.[2] Upon the facts found, the court correctly concluded that appellant was not entitled to recover, and that the libel should be dismissed with costs to appellee.

Decree affirmed.

[2] Stetson v. United States, 9 Cir., 155 F.2d 359; Bornhurst v. United States, 9 Cir., 164 F.2d 789; Meintsma v. United States, 9 Cir., 164 F.2d 976.