## TIDE WATER ASSOCIATED OIL CO. v. RICHARDSON et al.

### No. 11757.

Circuit Court of Appeals
Ninth Circuit.
Aug. 26, 1948.

Lasher B. Gallagher, of Los Angeles, Cal., for appellant.

Irving Feintech, of Los Angeles, Cal., for appellee Richardson.

Ira S. Lillick, John C. McHose and Lillick, Geary & McHose, all of Los Angeles, Cal., for appellee Bethlehem Steel Co.

Before DENMAN, HEALY, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

Appellee Richardson brought a libel in personam against Bethlehem Steel Corporation and Tide Water Associated Oil Company for personal injuries and loss of earning capacity arising from his fall into an unguarded hatch on the steam tanker Frank G. Drum, owned by Tide Water and undergoing repairs in the dock of the shipyard of the Bethlehem Steel Corporation in San Pedro, California.

The district judge held Tide Water solely liable and awarded $29,400 damages and costs. The libel as to Bethlehem was dismissed and Richardson does not appeal from the decree of dismissal. Tide Water appeals, claiming it is not liable and that if anyone be liable it is Bethlehem. Tide Water makes no alternative claim respecting joint liability.

Richardson was a seaman first class in the Coast Guard, whose duty it was, under the San Pedro port rules, regularly to board ships docked in the yards of Bethlehem

Steel Corporation. The Frank G. Drum was a vessel owned by Tide Water, upon which Bethlehem undertook to make certain repairs in July 1944. On Sunday night, August 6, 1944, before the repairs were completed, Richardson was permitted to board the Frank G. Drum by a guard stationed at the foot of the gangway, his duty being to inspect the supply of fire extinguishers and other safety conditions and to take a report from the mate.

 When Richardson reached the vessel's deck he saw no one and walked forward along the starboard passageway, crossed to the port side, and walked aft along the port passage. This passageway was lighted. At the end of it there was an opening covered by a canvas flap for egress on to the vessel's unlighted deck. At the bottom of the opening there was a coaming 18 inches above the deck. Richardson pulled the flap aside, raised his left foot over the coaming and placed it on the deck outside. This deck was dark and coming from the lighted passageway Richardson did not see an open unguarded and unlighted bunker hatch a short distance to his right. Transferring his weight to his left foot, he swung his right foot over the coaming under the canvas curtain, expecting to place it on the deck alongside his left foot. Instead, while his right foot was swung high for the exit coaming, it passed over the coaming of and into the open hatch. This resulted in a 35-foot fall into the hold below and in the injuries for which damages are claimed here.

Tide Water contends that it was Richardson's negligence which caused his injury. We agree with the district court's finding that Richardson's fall was without any negligence on his part.

Appellant contends that Richardson was not an invitee to whom any duty was owed to close or rope off the hatch through which he fell. There is no merit in this contention. Richardson's duty to make his inspection was known to the mate in command of the vessel as was the likelihood of Richardson's passing through the curtained opening toward the nearby unguarded hatch in the discharge of that duty.

Appellant also contends that because the vessel was undergoing repairs and reconstruction at the Bethlehem yard and because the hatch opening was to give access to its employees and they had failed to keep a rope guard there, Tide Water owed no obligation to Richardson to keep the vessel's deck safe while he walked over it to inspect the vessel's fire extinguishers. We do not agree. The possession of the vessel remained in Tide Water during the period of the repair contract and Tide Water's agent, the mate in command, owed Richardson, whose duty of inspection concerned matters other than the repair conditions, an obligation to guard just such an opened hatch as caused Richardson's injury.

Tidewater also contends that the libel did not sufficiently disclose the nature of Richardson's duty of inspection of the vessel. We think it does. If it did not, on an admiralty appeal we would deem it amended to accord with the above proof.

The decree is affirmed.