## FORD v. UNITED FRUIT CO. et al.

### No. 11935.

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1948.

Fitz-Gerald Ames, Sr., and Hugh B. Miller, both of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for the United States.

John H. Black, Edward R. Kay and Henry W. Schaldach, all of San Francisco, Cal., for United Fruit Co. and the United States.

Before: MATHEWS and ORR, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

Appellant, Earl David Ford, on April 28, 1945, was employed as a messman and member of the crew of the merchant vessel S.S. Sea Perch owned and operated by the United States, with United Fruit Company assisting in the operation. On that date the vessel was at Esperitos Santos, New Hebrides, embarking a large number of troops, and while appellant was sitting on the ship's rail facing outboard, watching the loading operations, he was accidentally "bumped" by one of two seamen engaged in innocent "horseplay" in the passageway behind the railing and fell to the dock below and sustained severe injuries to his feet, ankles and legs. He brought this action under the Jones Act, 46 U.S.C. § 688, 46 U.S.C.A. § 688, to recover damages for negligent injury to his person, with additional claims for wages, maintenance and cure. From a decree denying appellant recovery and as to each appellee dismissing the action, appellant appeals.

Appellant contends in effect that there was before the trial court much credible evidence that crew members on appellees' vessel habitually engaged in excessive horseplay; that appellees well knew of such practice and of its danger and did nothing to stop it or to protect appellant from the danger of it; and that appellees' ship officer, the chief mate, was present on the deck and did observe or could have observed the crew members' horseplay which was involved in appellant's accident; and that appellant's injuries resulted from such dangerous horseplay and appellees' neglect to exercise due care towards appellant respecting such horseplay.

All of the evidence on the question of liability, as well as most of all the other evidence, consisted of the oral testimony of witnesses who personally appeared and testified before the trial court. After hearing all the witnesses and observing their demeanor on the witness stand, the trial judge found the facts substantially as follows:

(1) That appellant placed himself in a dangerous and precarious position on the ship's rail which was likely to and did cause him to sustain personal injuries; (2) that while appellant was in that dangerous and precarious position a seaman in the vessel's employ accidentally and without negligence or fault brushed against appellant; (3) that

appellees did not consent to appellant placing, or permit him to place, himself in that dangerous and precarious position, and did not consent to or have knowledge of the fact that one of the vessel's seamen would or was likely to brush against appellant while he was in such position; (4) that although there was some innocent horseplay on the vessel, it did not exceed the amount usually and commonly experienced on other vessels and was not negligently or dangerously engaged in on this occasion, and that such horseplay as was indulged in was not in violation of any ship rules governing the conduct of seamen or other persons on the vessel;

(5) That, although some innocent horseplay was indulged in, appellees did not know that seamen habitually indulged in horseplay on the vessel, and did not know that any such practiced horseplay was dangerous to the health or safety of seamen on board appellees' vessel, and did not, in spite of any such knowledge, or by failure to enforce rules against such horseplay, knowingly permit it to continue on board appellees' vessel to the injury of appellant; (6) that appellees provided appellant with a seaworthy vessel and exercised due and reasonable care in the protection of appellant from injury; (7) that no negligence or fault of appellees has resulted or will result in loss to appellant on account of personal injuries, wages, maintenance or cure, or has caused or will cause appellant to be damaged in any sum or in any way; (8) but that appellees have already paid appellant all wages, maintenance and cure due him as a result of his injuries sustained on April 28, 1945, and that as a sole and proximate result of appellant's own negligence by placing himself in a dangerous position likely to result in his injury, and without negligence or fault on appellees' part, appellant on April 28, 1945 sustained all of his injuries here complained of.

There is substantial evidence to support those findings, and the facts and circumstances of this case clearly fall within the well established rule previously announced by this Court as follows: "The findings are supported by substantial evidence, are not clearly erroneous and hence should not be disturbed. Upon the facts found, the court correctly concluded that appellant was not entitled to recover * * *". Bornhurst v. United States, 9 Cir., 164 F.2d 789, 790; Meintsma v. United States, 9 Cir., 164 F.2d 976, 977; Heder v. United States, 9 Cir., 167 F.2d 899, 900; Stetson v. United States, 9 Cir., 155 F.2d 359.

In this case the decree of the trial court in dismissing the action as to each appellee, without costs, is affirmed.