**FIAMENGO et al. v. THE SAN FRANCISCO et al.**

No. 11895.

United States Court of Appeals, Ninth Circuit.

Feb. 15, 1949.

David A. Fall, of San Pedro, Cal., for appellants.

Arch E. Ekdale and Gordon P. Shallenberger, both of San Pedro, Cal., for appellees.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On and prior to April 22, 1947, appellants (Pete Fiamengo and Nick Marinkovich) were members of the crew of the American fishing vessel San Francisco, having been hired as such by Andrew Zamberlin, master and owner of the San Francisco.

Appellants were discharged by Andrew Zamberlin on April 22, 1947. On July 3, 1947, appellants filed in the District Court a libel in rem and in personam against appellees (the San Francisco and Andrew Zamberlin), alleging that appellants were wrongfully discharged and praying for a decree awarding to each of them wages in the sum of $2,632.65 for the period from April 22, 1947, to the end of the 1947 tuna fishing season [1] and maintenance at the rate of $5 a day from April 22, 1947, to the end of the season or until they again obtained employment. Andrew Zamberlin, Dinko Pecarich and Vicko Fiamengo claimed the San Francisco and, as such claimants, filed an answer denying that appellants were wrongfully discharged. After a trial, the District Court concluded that appellants were not wrongfully discharged, but were discharged for good cause. Thereupon a decree was entered in favor of appellees.[2] This appeal is from that decree.

The question is whether or not appellants were wrongfully discharged. The District Court found the facts to be as follows:

Pete Fiamengo was hired on December 1, 1946. Nick Marinkovich was hired on January 5, 1947. After January 5, 1947, and before the happenings hereinafter mentioned, Nick Zamberlin [3] became the master of the San Francisco, but Andrew Zamberlin continued to be and was at all times hereinafter mentioned its managing owner and was the person who customarily gave orders to the crew, including appellants.

In the late afternoon of a day in March, 1947, because of heavy weather, the San Francisco put into Navidad Bay, Mexico. Andrew Zamberlin, Nick Zamberlin and several crew members, including appellants, went ashore. At about 11 o'clock P.M., Andrew Zamberlin and Nick Zamberlin ordered the crew members, including appellants, to return to the San Francisco. Appellants heard the order. All the crew members except appellants obeyed the order and returned immediately to the San Francisco. Appellants disobeyed the order, remained ashore without permission of An-

---

[1] Appellants alleged that the tuna fishing season was "from January through August."

[2] The decree was that appellants take nothing, and that appellees recover costs of appellants.

[3] Son of Andrew Zamberlin.

drew Zamberlin or Nick Zamberlin and did not return to the San Francisco until about 4:45 o'clock the following morning. Because of their said disobedience, appellants were discharged by Andrew Zamberlin, with the consent of Nick Zamberlin, on April 22, 1947.

The findings are supported by substantial evidence, are not clearly erroneous and hence are accepted by us as correct.[4] Upon the facts found, we conclude, as did the District Court, that appellants were not wrongfully discharged, but were discharged for good cause.[5]

Decree affirmed.

---

[4] Stetson v. United States, 9 Cir., 155 F.2d 359; Bornhurst v. United States, 9 Cir., 164 F.2d 789; Meintsma v. United States, 9 Cir., 164 F.2d 976; Heder v. United States, 9 Cir., 167 F.2d 899; Ford v. United Fruit Co., 9 Cir., 171 F.2d 641.

[5] The Cripple Creek, D.C.E.D.Pa., 52 F.Supp. 710. See, also, Johnson v. Blanchard, D.C.S.D.N.Y., 7 F. 597; Brink v. Lyons, D.C.S.D.N.Y., 18 F. 605; The Nereid, D.C.Mass., 67 F. 602; Buchanan v. United States, D.C.N.D.Cal., 24 F.2d 528.