**EVERETT v. SOUTHERN PACIFIC CO.**

No. 12089.

United States Court of Appeals
Ninth Circuit.

March 24, 1950.

Hildebrand, Bills & McLeod, D. W. Brobst, Oakland, Cal., for appellant.

Ricksen, Freeman & Johnson, Oakland, Cal., for appellee.

Before BONE and POPE, Circuit Judges, and BLACK, District Judge.

BLACK, District Judge.

The jury on the trial below returned a verdict in favor of the company and against the appellant here, who was plaintiff below. The plaintiff moved for a new trial and his motion was denied. He has appealed to this court.

His appeal is based on claim of two errors: (1) That the court erred in permitting testimony and evidence, under promise by defendant's counsel to connect it up, to the effect that plaintiff used intoxicating liquor to excess that on occasion he was intoxicated; and (2) that the court erred in refusing to grant plaintiff's motion for new trial on grounds that the evidence, as a matter of law, was insufficient to support the verdict.

The action was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Federal Boiler Inspection Act, 45 U.S.C.A. § 23 et seq.

Plaintiff testified that in the course of his employment he was walking on the runway on the front end of defendant's locomotive, that the handrail pulled out from its bracket and that as a result he fell about eight feet and was injured, for which he asked $75,000. The defendant, while conceding at the trial that the handrail was found pulled out, denied that plaintiff fell as a result thereof and denied that the matters complained of were the cause of any injury to plaintiff.

Plaintiff was the sole witness as to the alleged accident itself. No one else saw him fall. Plaintiff, as appellant here, con-

tends that his evidence therefore had to be accepted by the jury and that the only proper question was how much he should receive.

His other contention is that the injection of intoxication in the trial was erroneous, was the only possible explanation of the verdict against him and therefore was so prejudicial as to compel a new trial.

Appellant's assignments of error will be discussed in reverse order.

Although plaintiff was the only witness to the alleged accident itself the jury was not compelled to accept his story if same appeared to the jury to be unreasonable and untrue. If his testimony appeared to the jury as so unlikely as to be unworthy of acceptance it had a right to reject it.

The jury had a right to believe plaintiff, in which event, of course, it would have found in his favor. It also had the right to disbelieve plaintiff.

Plaintiff testified that in his fall of eight feet he landed in a seated position and that in landing in such seated position directly from such fall he severely injured his coccyx and was unable at all times thereafter to do any work and moreover was continuously unable to bend or engage in ordinary activities even outside of work without great pain.

From the evidence it appears that there were no bruises, discoloration or abrasions of any kind. The uncontradicted evidence was that his coccyx had been defective from birth. Plaintiff, however, insisted as a witness that such congenitally defective coccyx had been much injured in such fall. On this appeal he contends, in substance, that we must send the matter back to the trial court so that a new jury may specify how much he recovers.

From the hospital reports and the testimony of the doctors the jury had the right to find that the plaintiff told two different stories of the alleged accident, in one reporting that he landed first on his feet and then on his back, and in the other, which he adhered to at the trial, that he landed directly on his coccyx from an eight-foot fall. The jury had also the right to find from consideration of the testimony of doc-

tors and other witnesses that plaintiff was and had been able to work and that his claims of pain were not correct.

While the jury had the right to believe plaintiff's story and award him damages it also had the right to believe that such disability, if any, suffered by plaintiff was the result of his congenitally defective coccyx and that if plaintiff had fallen by reason of any loose handrail that he landed on his feet and was not injured thereby.

That is, the jury had the right to find that plaintiff only seized on the fall, if any, as an opportunity to quit work and receive treatment on account of a preexisting and congenital defect and at the same time make the defendant company pay substantial damages upon his pretense that the fall was the cause. In view of the verdict that undoubtedly was what the jury decided. The jury perhaps had difficulty in harmonizing plaintiff's story at the trial as to how he landed from the fall and the absence of any bruise, discoloration or abrasion.

In actions under the Federal Employers' Liability Act the United States Supreme Court for many years past, adhering to the general principle that trial by jury means the verdict of a jury, has consistently upheld the jury's right to draw reasonable inferences from the evidence even though the judges on the same testimony might have reached an opposite conclusion. See Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967; Bailey v. Central Vermont Ry., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Myers v. Reading Co., 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615. Also to similar effect see Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520, and Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916.

In Myers v. Reading Co., supra, the United States Supreme Court, rejecting the company's contention that the undisputed testimony furnished no basis for a jury's verdict against it, said [331 U.S. 477, 67 S.Ct. 1339]: "The jury was entitled to draw inferences from the evidence. From the evidence presented, the jury reasonably could find, as it did in its special verdict, (1) that

the brake was not an efficient brake, and (2) that the fact that the brake was not an efficient brake contributed to or caused injury to the petitioner. * * * The requirement is for probative facts capable of supporting, with reason, the conclusion expressed in the verdict. * * * 'But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable.' Lavender v. Kurn, supra".

In Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 600, 91 L.Ed. 572, the Supreme Court stated: "the inferences to be drawn from uncontroverted as well as controverted facts, are questions for the jury." Citing Tennant v. Peoria & P. U. Ry. Co., supra; Lavender v. Kurn, supra.

The jury's verdict in this instant case discloses that juries do not always return verdicts in favor of employees asking recovery from railroads for alleged injuries. In the majority opinion in Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 417, 93 L.Ed. 497, with reference to the "assumption * * * that juries will invariably decide negligence questions against railroads" it is observed "This is contrary to fact, as shown for illustration by other Federal Employers Liability Cases". Citing Barry v. Reading Co., 3 Cir., 147 F.2d 129, certiorari denied, 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422; Benton v. St. Louis-San Francisco R. Co., Mo. Sup., 182 S.W.2d 61, certiorari denied, 324 U.S. 843, 65 S.Ct. 676, 89 L.Ed. 1405.

■ A jury's verdict is entitled to the same respect regardless of whether it be returned for plaintiff or for defendant, whether for employee or employer.

If the jury, as it had a right to do, disbelieved plaintiff it did not have to find that there was any accident at all. But even if the jury did find that there was a fall it still did not have to accept plaintiff's claim that he was injured in such fall.

■ The verdict of the jury below and the judgment entered thereon in the instant cause must be sustained in spite of appellant's claim of insufficiency of the evidence to support the verdict unless the injection of the question of intoxication was so prejudicial against plaintiff as to require a new trial.

In cross examination of plaintiff the defense counsel asked him as to his having drank to excess, which the plaintiff denied. Defendant's position was that intoxication on plaintiff's part was material for a number of reasons, including defendant's contention that excessive drinking by plaintiff would throw light upon his inability, if any, to go back to work. The trial court, however, expressed the opinion such was not only immaterial but was prejudicial unless the defendant connected such questions up with later testimony.

■ Thereafter defendant introduced certain movie films which were exhibited to the jury and which defendant contended demonstrated that plaintiff actually moved freely and without pain in ways which he had testified he either was unable to do at all or could only do to a very limited degree and then with great pain. In connection with the submission of such film a witness testified the reason they were able to get close enough to the plaintiff to take pictures showing his expressions as well as movements was that he was sufficiently intoxicated that he did not notice the approach. Under the circumstances of this case as disclosed by the evidence we are rather inclined to the view that the trial judge could properly have allowed the questions and answers relating to intoxication to remain before the jury. However, the trial judge, considering that such was not material and would be prejudicial if allowed to stand, did in the presence of the jury, state: "The part about the intoxication will go out." Both plaintiff and defendant then abided by the rule of the court and nothing further on this subject was presented to the jury, either in the trial, argument or instructions. Plaintiff's attorney, though now claiming error, did not at that time or at any time before the verdict was returned, move for or suggest

a mistrial. He did not even ask that the jury be admonished to disregard such evidence or offer of evidence nor did he request any instructions as to that matter.

Apparently plaintiff at that time was satisfied with the effect and benefit to plaintiff of the court's ruling that "The part about the intoxication will go out."

Plaintiff's present position is that the matter of intoxication was so incurably prejudicial that no admonition or instruction by the trial judge could have protected or aided plaintiff. If that were so plaintiff should certainly have asked then for a mistrial.

■ After the verdict plaintiff's counsel did move for a new trial. The trial judge, being familiar with all the circumstances of the trial, denied plaintiff's motion. A wide range of discretion rests with the trial judge in the refusal or granting of a new trial. In this case under the entire record the trial judge in denying such did not abuse his discretion. His refusal of a new trial was not "inconsistent with substantial justice." See Rule 61, Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A.

Since neither of appellant's specifications of error call for reversal the judgment below is affirmed.