## MENEFEE v. W. R. CHAMBERLIN CO.
### No. 12432.

United States Court of Appeals
Ninth Circuit.
June 21, 1950.

J. Duane Vance, Bassett & Geisness, Seattle, Wash., for appellant.

Bogle, Bogle & Gates, Edw. S. Franklin, Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a decree awarding damages for an injury to appellant's leg caused on January 23, 1947, while removing a large coiled hawser attached to the bulwark near the stern of the S.S. Robert Parrott. We held the vessel negligent in not stowing the hawser elsewhere in safety before sailing on a winter voyage from Puget Sound to the Orient over a northern sailing circuit when the usual winter storms made it a threat to entanglement with the vessel's propellers if the expected heavy seas should tear it loose. The anticipated weather was encountered, the uncontradicted testimony showing stormy days culminating in seas washing the deck at the time appellant was ordered to assist in removing the hawser. See Menefee v. W. R. Chamberlin Co., 9 Cir., 176 F.2d 828.

Appellant was badly battered against the ship's structure and carried to his bunk, in which he remained for a week. The injuries were to the left leg and his back which had two heavy welts. That to the leg consisted in a crushing of the arteries causing internal bleeding which an Army doctor diagnosed as causing a poisoning throughout his system. He was on crutches for some weeks and later did light work as an ordinary seaman on his watch but was excused from heavy work, such as painting, deck washing and the handling of cargo.

The injury occurred on January 23, 1947, and he arrived back in the United States on August 3, 1947, when he left the sea. During all this time the left leg continued to swell, sometimes half again as large as his right, and his back continued to hurt him. He attempted work as a trackman on a railroad in October 1947 but lasted but six days because of the swelling of the leg. If he walked for half a dozen blocks the swelling returned. It was at times accompanied by pain in the back. As late as July 1948 appellant attempted to engage in manual labor but was prevented from so doing because of the condition of his back. At the date of trial, August 17, 1948, appellant testified his leg was "fairly well" but his back still bothered him.

Appellant's testimony is corroborated for six months after the injury by officers on the vessels upon which he sailed. He was cross-examined both as to his leg and back injuries and his testimony unbroken. Indeed, it seems to have been accepted, since no medical testimony was introduced by appellee. We recognize that such injuries to the leg and back cause great pain and suffering and find nothing irrational in appellant's relying upon a statement of the Army doctor to him that the arterial injuries would have to cure themselves.

The district court awarded damages of but $750.00. It is apparent that the court could not have allowed any recovery for the pain and suffering and loss of earnings after October, 1947. We think this must have been because his disability thereafter was a combination leg and back injury and the back injury, which was proved without objection, was not alleged in the libel. This appears from the court's single finding of fact as follows: "That by reason of the matters and things *alleged* in the first *cause of action of his libel herein*, libellant has been damaged in the sum of Seven Hundred Fifty Dollars ($750.00)." (Emphasis supplied.) The absence of an allegation in the libel concerning the back injury is one of the contentions of appellee's brief.

In October, 1947, the pain and suffering had then continued for eight months. For the two months between appellant's arrival on August third till some six days in October, appellee does not dispute that appellant's wages, had he continued in his employment, would have been $159 per month and that the value of his board and lodging would have been $100 a month, that is to say, a total of $518 for the two months. It is inconceivable that the remaining $232 could be otherwise than for the prior pain and suffering. Certainly here is nothing for the seven months' period after October, 1947.

On this appeal appellant relies on Rule 15 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

Appellee does not oppose the contention that this is applicable to appeals here.

While Rule 15(b) was not made applicable in admiralty because of lack of authority in the rules committee over admiralty procedure, we have made it our rule here in the introduction to our Admiralty Rules preceding our Rule 33. It covers cases which are tried below in the manner here pursued. The back injury is not new matter but matter already considered and hence, not under our Rules 38 and 39.

In Tide Water Associated Oil Co. v. Richardson, 9 Cir., 169 F.2d 802, we stated at page 803: "Tidewater also contends that the libel did not sufficiently disclose the nature of Richardson's duty of inspection of the vessel. We think it does. If it did not, on an admiralty appeal we would deem it amended to accord with the above proof."

In Fyfe v. Pan-Atlantic S.S. Corp., 114 F.2d 72, 78, certiorari denied, 311 U.S. 711, 61 S.Ct. 319, 85 L.Ed. 462, the second circuit, in an admiralty appeal, applied the principles of Rule 15(a) stating: "Here libelants without doubt could have obtained permission to amend their libel after exceptions to it had been sustained. Admiralty Rule 23, 28 U.S.C.A. following section 723; Hughes v. Roosevelt, 2 Cir., 107 F.2d 901. They did not seek to amend as to Barber-Wilhelmsen, and allowed final judgment to go against them in favor of that respondent. They did, however, proceed to trial against the present respondent; at the trial the missing facts were proved, and a cause of action was made out. In this state of the record, an amendment of the pleadings to conform to the proof was, of course, permissible. The Roslyn, 2 Cir., 93 F.2d 278; cf. Rule 15(b), F.R.C.P., 28 U.S.C.A. following section 723c."

Since this is an appeal in admiralty in which we have the power finally to dispose of the case, we think the loss of earnings and the pain and suffering of appellant after October, 1947, added to the damages awarded by the district court, amount to a total of $2500.

The decree is modified to state that amount, and as so modified stands affirmed.

BONE Circuit Judge, (dissenting).

On the first appeal we held appellee negligent and remanded the case to the trial court for it to determine the amount of damages. The case was then argued and submitted to the trial court upon the evidence taken at the original trial. That court, upon considering the evidence and arguments of counsel, fixed the amount of damages at $750.00. This court sees fit to reject that finding and to increase the award to $2,500.00. In so doing my brethren have accepted in toto Menefee's uncorroborated and, to my mind, rather improbable story of the extent and duration of his sufferings. They have, contrary to the usual rule on appeal, stated the facts in the light most favorable to appellant and have given no weight whatever to the finding of the court below.

The trial court characterized Menefee's injury as a flesh injury not likely to be seriously disabling for any length of time. Obviously it rejected or discounted most of his testimony concerning the extent and duration of his injury. Clearly it had the right to do so. Menefee, as libelant, was an interested witness in every sense of the term. He stood to gain financially in direct proportion to the extent to which he could magnify his suffering. That he could easily overemphasize or distort his physical trouble in his own account requires no argument.

Testimony of an interested witness, even though uncontradicted, need not be believed. Everett v. Southern Pacific Co., 9 Cir., 181 F.2d 58; Heath v. Helmick, 9 Cir., 173 F.2d 157, 161; Lee Sing Far v. United States, 9 Cir., 94 F. 834. This is true in criminal as well as in civil cases. Reagan v. United States, 157 U.S. 301, 306, 15 S.Ct. 610, 39 L.Ed. 709; Cotten v. United States, 5 Cir., 92 F.2d 809; United States v. Groopman, 2 Cir., 147 F.2d 782; Noland v. Buffalo Ins. Co., 8 Cir., 181 F.2d 735, 738. This rule should certainly apply in cases where, as here, the story told by the witness is of such nature that it cannot be directly refuted in any particular.

Apart from the obvious point of natural bias (financial interest) there are other circumstances tending to cast doubt upon Menefee's credibility. His account of his failure to return to the ship before its departure at Capetown was considerably at variance with the testimony given by the ship's officers, and his account of his activities in Capetown on the prior evening somewhat contradicted the explanation which he had given to the Company in a letter written prior to trial. The most important circumstance tending to cast suspicion and doubt on his testimony is the strange and completely unexplained fact that (save during the period immediately following the injury) he never consulted a doctor, or endeavored to obtain medical treatment for the pain and suffering which he says was so serious that it prevented him from working for more than a year after the injury occurred and was still bothering him at the time of trial. On cross-examination he freely admitted that he could have received competent medical attention and treatment absolutely free of charge at the Marine hospitals in New York (where he disembarked) or Seattle (where he came to try to work on the railroad, and where he filed this suit) but that he made no attempt to do so.

The obvious and wholly logical inference which arises from this unexplained failure to seek and secure the free medical care to which he was entitled is that he was not suffering to the extent he said he was. I think that the explanation in the majority opinion that he relied upon the statement of an Army doctor (who examined him in Yokohama shortly after the accident) that the injury would have to cure itself is irrational. At most, it is a mere supposition without any supporting circumstances appearing in the evidence. In light of his persistent spurning of free medical treatment it is entirely out of line with reasonable probabilities. Menefee himself did not even attempt to offer the weird explanation tendered by the majority.

We are required to assume that the trial court rejected testimony not comporting with its findings, and we cannot redetermine the credibility of witnesses heard below. Crowley Launch & Tugboat Co. v. Wilmington Transp. Co., 9 Cir., 117 F.2d 651, 653. The trial court *could* have believed Menefee's entire testimony but obviously it did not. The only reasonable interpretation of the trial court's finding as to the amount of damages is that it simply did

not believe Menefee's story that the pain and suffering lasted for the considerable length of time he claimed or that it prevented him from working after he left the ship. Discounting Menefee's testimony (as the trial court obviously did and as it had a right to do) the most that can be said is that Menefee sustained a severe bruise to his leg which caused swelling, discoloration and pain for a period of a month or two. Thereafter he performed his regular duties as seaman, although for a time the mate continued to give him the lighter duties whenever he had the opportunity to do so. Except for Menefee's uncorroborated statements, there was no showing that he had lost any wages attributable to the shipboard injury, or that he had not entirely recovered by the time he returned from the voyage.

The finding of the trial court as to the amount of damages was not clearly erroneous and so should be affirmed without the modification ordered by us. Heder v. United States, 9 Cir., 167 F.2d 899; Meintsma v. United States, 9 Cir., 164 F.2d 976; Bornhurst v. United States, 9 Cir., 164 F.2d 789; Stetson v. United States, 9 Cir., 155 F.2d 359; cf. Tawada v. United States, 9 Cir., 162 F.2d 615; Petterson Lighterage & Towing Corporation v. New York C. R. Co., 2 Cir., 126 F.2d 992. If The Ernest H. Meyer, 9 Cir., 84 F.2d 496, purports to prescribe a different rule than that indicated by the above cases, we are still not justified in disturbing the finding, because in this case, as distinguished from The Ernest H. Meyer, substantially all of the evidence pertinent to the finding was given orally by the libelant Menefee.

The majority attempts to rationalize its opinion by the supposition that the trial judge apparently disregarded evidence of a back injury simply because such was not alleged in the libel. This is sheer speculation. The trial court made no such ruling; indeed this question was not even raised by either party except on this appeal. The reference in the finding to the matters "alleged in the first cause of action" was clearly intended merely to distinguish it from the matters alleged in the second cause of action upon which no recovery was had. If we are to assume anything, we should assume that the trial judge was at least as well acquainted as we are with the familiar rule that pleadings are to be deemed amended to comply with the proof and that, therefore, his commonplace reference to the "first cause of action" naturally embraced the cause of action, "as amended." It would be worse than captious criticism to discover error in the fact that in referring to the first cause of action the trial judge prejudiced Menefee because he failed to employ the descriptive adjective "amended." Probably the trial court did reject Menefee's very vague and general statements of how his back bothered him so that he could not work for more than a year after the accident, and still "bothered" him at the time of trial. However, we must assume that the trial court considered *all* of the evidence and that it rejected these statements because it considered them unworthy of belief. Menefee's complaints of a back injury appear to have first found voice at the time of trial. In any event we should not not indulge in the assumption (which is completely unwarranted by anything in the record) that the trial court made an error of law and failed to follow the rule that the pleadings are deemed amended to conform to proof.

We should not be indifferent to the fact that this is a court of appeals and not a trial court. We do not have the advantage of seeing the witnesses and hearing them testify upon the stand and therefore we cannot determine their credibility with any assurance that we are right. For an excellent discussion of the respective functions of trial and appellate courts see Pendergrass v. N. Y. Life Ins. Co., 8 Cir., 181 F.2d 136. Apparently it is now the rule in this Circuit that a plaintiff who testifies that his back "bothers" him will be allowed redress on appeal to this court even though the trier of the facts refuses to believe his testimony and even though such a claimant deliberately, and without explanation, refused free medical treatment to which he was entitled.

I dissent because we appear to have usurped the role and function of a trial judge in our disposition of the case.