◼ William Colban, Respondent, v. Petterson Lighterage & Towing Corporation, Respondent, and McAllister Lighterage Line, Inc., Appellant, et al., Defendants.— In an action to recover damages for personal injury, defendant McAllister Lighterage Line, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered May 13, 1965, as: (1) upon a jury's verdict, awarded damages to plaintiff against it; and (2) upon the court's decision, dismissed its cross claim against the defendant

Petterson Lighterage & Towing Corp. Judgment modified on the law and facts as follows: (1) by striking out the third decretal paragraph, directing recovery by plaintiff from the defendant McAllister Lighterage Line, Inc.; and (2) by substituting therefor a provision dismissing the complaint against said defendant, without costs. As so modified, the judgment, insofar as appealed from, is affirmed, without costs. Plaintiff, a cargo checker on the Brooklyn docks, was injured in 1959 when he slipped on canvas atop piling which was made fast to the dock. He fell into the barge or lighter which McAllister had chartered in order to transport certain cargo. The day was rainy, snowy and freezing. The captain on the lighter "hollered out" that the cargo was improperly marked. A man employed by the stevedoring company, charged with the responsibility of loading the vessel, jumped from the dock onto the deck of the lighter. Plaintiff, whose responsibility was to check the cargo on the dock, also tried to jump but slipped before he even made his jump. Plaintiff admitted he did not ask the captain of the lighter to provide him with a ladder, nor did he even advise the captain that he intended to go aboard. Plaintiff's narrative of the happening of the accident was uncontradicted and in fact confirmed in part by the testimony of the stevedoring company's foreman, John Delnicki. Under these circumstances, the question of proximate cause was for the court to decide (*Rivera* v. *City of New York*, 11 N Y 2d 856). We find that the proximate cause was plaintiff's slipping while still on the dock and not any failure by the captain of the lighter to supply a ladder (see *Jackson* v. *Pittsburgh S. S. Co.*, 131 F. 2d 668). Plaintiff was injured due entirely to his own fault and carelessness, particularly since he was aware of the dangers presented at the dock by the severely inclement weather (see *Meintsma* v. *United States*, 164 F. 2d 976). Although McAllister Lighterage Line, Inc., is thus entitled to judgment dismissing plaintiff's complaint, it is not entitled to any recovery over on its cross claim against Petterson Lighterage & Towing Corporation for expenses (including attorneys' fees) in defense of the action at trial and on its appeal from the judgment in plaintiff's favor. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.